**Charles COOPER, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

**No. 483 S 111.**

Supreme Court of Indiana.

June 22, 1984.

Kenneth T. Roberts, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Charles L. Cooper, was convicted by a jury of robbery, a Class A felony, Ind.Code § 35–42–5–1 (Burns 1984 Supp.); of confinement, a Class B felony, Ind.Code § 35–42–3–3 (Burns 1984 Supp.); of attempted murder, a Class A felony, Ind.Code § 35–41–5–1 (Burns 1979 Repl.), Ind.Code § 35–42–1–1 (Burns 1979 Repl.); of resisting law enforcement, a Class D felony, Ind.Code § 35–44–3–3 (Burns 1984 Supp.); and of carrying a handgun without a license, a Class D felony, Ind.Code § 35–47–2–1 (Burns 1984 Supp.). Defendant received a total sentence of sixty years. The following two issues are raised in this direct appeal:

1. Whether the convictions are contrary to law and not supported by sufficient evidence; and

2. Whether the trial court erred in overruling defendant's "Motion to Require Discovery, Sanctions, and to Dismiss."

### I.

Defendant has raised a challenge to the sufficiency of the evidence. He has not indicated specifically what the state failed to establish but instead defendant has merely stated that the "identifications often lacked conviction and the chain of events was loosely constructed." Defendant's primary contention seems to be that the evidence was insufficient to establish that defendant was the person who committed the crimes.

Our standard of review in judging sufficiency of evidence questions is well

established. We will not weigh the evidence nor judge the credibility of witnesses. Instead, we examine only the evidence most favorable to the state, together with the reasonable inferences to be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the fact-finder's conclusion, it will not be set aside. *Lamb v. State*, (1984) Ind., 462 N.E.2d 1025; *Rowan v. State*, (1982) Ind., 431 N.E.2d 805. A guilty verdict may be based solely upon circumstantial evidence. *McAfee v. State*, (1984) Ind., 459 N.E.2d 1186; *Thompson v. State*, (1982) Ind., 441 N.E.2d 192.

■ A review of the facts most favorable to the state shows that on February 19, 1982, two men entered a Noble Roman's pizza parlor in Indianapolis. The manager of the restaurant, Dwight Nentrup, noticed that the men acted strangely and appeared to be studying the layout of the store. After the two men left Nentrup reported the suspicious activity to the police. The police arrived a short time later and eventually decided to set up a stakeout of the restaurant.

Later that same evening three men entered the restaurant. Two of them were the same men who had been at the restaurant earlier. One of these two stuck a gun in Nentrup's side and demanded that Nentrup give him all of the money. Nentrup gave the man money from a box in his desk and from the cash register, and the man then ordered the employees as well as thirty to forty customers to lie on the floor. Nentrup was allowed to remain standing and he noticed that the third man kept an eye on the door and the customers. This third man carried a gun, as did the other two. Nentrup identified defendant as the third man. Defendant was also identified by Paul Mehrlich, a Marion County Sheriff's deputy, who happened to be in the restaurant at the time. Mehrlich testified that defendant had a blue steel revolver and that he was wearing blue jeans and a faded denim jacket. Mehrlich and another officer followed the three suspects and yelled for them to stop. Mehrlich then heard a gun shot and returned the fire. Mehrlich and the other officer wounded two of the suspects but lost sight of a man in a denim jacket.

Officer William Reardon, who was participating in the stakeout, testified that he heard gunfire and that he assumed something had gone wrong. He went to investigate and saw a man running down the street. The man was wearing dark pants and a light jacket. Reardon ordered the man to stop; however, the man turned and fired at Reardon. Reardon returned the fire and was shot at again. The second shot struck Reardon in the thigh. The suspect then fired two more shots at Reardon, both of which missed.

Officer William Schlosser was also a participant in the stakeout. He testified that he saw a man running from the area. The suspect, after being told to halt, fired a shot at Schlosser. The two ran parallel to each other and exchanged shots. Schlosser lost track of the suspect and returned to help aid Officer Reardon. A short time later police found a man hiding in a large "dumpster" behind a nearby store. This suspect was identified as defendant, and at the time he was found defendant was wearing dark blue jeans and a light faded denim jacket. Police officers also found a gun lying in the dumpster. All of the cartridges in the gun had been fired. A firearms expert testified that certain of the bullet jackets found near the restaurant came from the gun found in the dumpster.

The evidence here was sufficient to support the convictions for all of the offenses charged. While defendant characterizes the evidence as weak and contradictory, there was sufficient evidence of probative value to connect defendant with all of the crimes for which he was convicted. We therefore cannot say that the verdict was contrary to law.

## II.

On March 17, 1982, defendant filed a Motion to Produce which, among other things, requested a copy of any technical or laboratory reports, including firearms

tests. Despite this motion defendant contends the state failed to produce the results of a gunpowder residue test performed on defendant's hands. Defendant filed his "Motion to Require Discovery, Sanctions and to Dismiss" on October 13, 1982. The trial court denied the motion; defendant now claims the trial court erred in doing so.

 The purpose of discovery is to inform defense counsel so that he is not compelled to maneuver in a factual vacuum. *Miller v. State*, (1980) 273 Ind. 493, 405 N.E.2d 909; *Johns v. State*, (1968) 251 Ind. 172, 240 N.E.2d 60. We will reverse for nondisclosure only if the evidence in the prosecutor's possession is so obviously exculpatory that failure to turn it over denied the defendant of a fair trial. *Murray v. State*, (1982) Ind., 442 N.E.2d 1012. The record in this case shows that the prosecution, in response to defendant's motion to produce, provided defendant with over seventy evidentiary items, including ballistic examinations and written communications from the technician who performed the residue test on defendant's hands. Furthermore, the test that defendant contends was not turned over apparently was never introduced into evidence. The only reference to it was when the technician testified, without objection, that he was asked to perform a gunpowder residue test on defendant's hands but noticed that defendant had been wearing gloves. Defendant here has failed to show that the prosecution was attempting to blatantly and deliberately disregard defendant's discovery requests. *See Murray v. State*. He also has failed to establish that he was prejudiced by the prosecutor's failure to disclose, since the evidence was not exculpatory. Under these circumstances we cannot say the trial court erred in not granting sanctions or in not dismissing the case.

Therefore, for all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.