**Fred WRIGHT, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 383S84.**

Supreme Court of Indiana.

Aug. 24, 1984.

Rehearing Denied Nov. 7, 1984.

Eugene C. Hollander, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Fred Wright, was convicted by a jury of criminal confinement, a Class D felony, Ind.Code § 35–42–3–3 (Burns 1984 Supp.), and of battery, a Class A misdemeanor, Ind.Code § 35–42–2–1 (Burns 1984 Supp.), and was found to be a habitual offender, Ind.Code § 35–50–2–8 (Burns 1984 Supp.). Defendant received a total sentence of thirty-two years. The following three issues are raised in this direct appeal:

1. Whether the state failed to comply with defendant's discovery requests;

2. Whether the trial court erred in prohibiting defendant from questioning witnesses about the victim's marital relationship; and

3. Whether the habitual offender conviction must be reversed.

The facts most favorable to the state show that the victim, Roy Rodriguez, had been going through a divorce with his wife, Pam Rodriguez. Pam Rodriguez and defendant began seeing each other before the divorce was final. On June 19, 1982, Roy was at his girlfriend's house. Defendant came to the house, slapped Roy, and made him call Pam's brother and apologize for causing problems. Defendant then took a gun out and forced Roy and his son into defendant's car. Defendant drove to Wabash, where Pam was staying with her sister, and he struck Roy several times as he drove. Pam then admitted to defendant

that she still loved Roy. Defendant attempted to have Roy leave with him again, but Roy refused. Defendant left alone.

## I.

■ Defendant first contends that the state failed to comply with his discovery requests. Specifically, defendant claims the state did not disclose that one of its witnesses had a criminal record. The state counters that there was no discovery violation because defendant never requested that the state furnish him with witnesses' criminal records.

A review of the record shows that defendant did not request the criminal background of state's witnesses. Nevertheless, the state's reply to the discovery request stated:

"7. Records of prior criminal convictions which may be used for impeachment of persons the State of Indiana intends to call as witnesses at trail [sic] are attached hereto as an exhibit and are as follows, to-wit:

## "NONE."

The reply did not list Mike Wright as a witness at this time, although he was listed as a witness in an amended reply filed later. Mike Wright testified at trial. After the trial on the underlying charge but before the habitual offender proceeding the state learned that Wright had a prior felony. Defendant objected to having not been informed of this prior felony and stated that it could have been used for impeachment.

Defendant has failed to show sufficient prejudice to require reversal. There has been no showing that the state deliberately withheld pertinent information. See Cooper v. State, (1984) Ind., 464 N.E.2d 330. Moreover, nowhere does the record show what the prior felony was. Thus we have no way of knowing whether it could have been properly used for impeachment purposes. Defendant has also failed to show how being able to impeach Mike Wright would have benefited his case. The main thrust of Mike Wright's testimony was that

after the incident he observed Roy Rodriguez with a bruised face. Mike Wright was not a witness to the actual crime. We find no error.

## II.

■ Defendant secondly contends that the trial court erred when it, on several occasions, refused to allow defendant to question witnesses about Roy and Pam Rodriguez's marital relationship. The trial court found that the line of questioning was irrelevant. Defendant, however, argues that questions concerning the marital relationship were relevant to show how the incident arose between defendant and the Rodriguezes.

The admission of testimony is within the discretion of the trial court, and the trial judge has wide latitude in ruling on the relevancy of evidence. *Pearson v. State,* (1982) Ind., 441 N.E.2d 468; *Williams v. State,* (1979) 270 Ind. 573, 387 N.E.2d 1317. We will reverse only upon a showing that such discretion has been manifestly abused and that the complaining party has been denied a fair trial. *Napier v. State,* (1983) Ind., 445 N.E.2d 1361. There has been no such showing here. The jury was informed several times that Roy and Pam Rodriguez were going through a divorce and that their relationship was often less than tranquil. The jury was also aware of the relationship between the Rodriguezes' problems and defendant's actions. Any further inquiry into the details of the Rodriguezes' marital relationship would have been irrelevant. We find no error.

## III.

■ Lastly, defendant raises several issues involving the habitual offender count. Defendant first contends the trial court erred in not holding a formal arraignment on the habitual offender charge. Defendant cites *Griffin v. State,* (1982) Ind., 439 N.E.2d 160, as authority for the proposition that a defendant must be properly arraigned prior to being tried as a habitual offender. While we agree with the propo-

sition, there is an important difference between *Griffin* and this case. In *Griffin* the defendant objected to the failure to have an arraignment by filing a motion to dismiss and by renewing the objection throughout the proceedings. The defendant thus gave the trial judge opportunities to correct the error and in the process preserved the error. Here, however, defendant failed to object to the failure to arraign. No error has been preserved, and the issue is waived. *See Bradford v. State*, (1983) Ind., 453 N.E.2d 250 (failure to include arraignment issue in motion to correct errors constituted waiver).

■ Defendant also contends that the trial court erred in allowing the state to amend the habitual offender information. Defendant contends that the changes were substantial and that he was prevented from determining which felony convictions the state intended to use. A review of the record, however, establishes that the changes were not substantial. In one case the state amended the information to show that the prior crime from Hamilton County was attempted battery rather than criminal confinement. Another amendment allowed the state to change the date of defendant's guilty plea on the other prior felony from July 17, 1982, to July 17, 1980. Through all of the amendments, however, the cause numbers of the prior crimes remained unchanged. Defendant was therefore aware of the crimes the state would use to establish the habitual offender status. There was no trial court error.

■ Next, defendant asserts that he was not provided with habitual offender discovery until the third day of trial. Defendant requested a continuance in order to review the documents. The trial judge denied the request. The trial judge did, however, grant defendant a recess for however long he needed to review the documents. Defendant returned twenty minutes later and gave no indication that he needed more time. Defendant has made no showing of any error.

■ Prior to the beginning of the habitual offender trial, defendant requested a continuance until the trial court obtained a presentence report and determined whether it would sentence defendant on the underlying conviction as a Class D felony or as a Class A misdemeanor. In support of his argument defendant cited *Collins v. State*, (1981) Ind., 415 N.E.2d 46. In his brief defendant quotes the following language from *Collins:*

> "[W]e believe that it would be the better practice in the future, in the case of a guilty verdict on a class D felony, for the court, prior to the trial on the status question and after considering the presentence investigation report and arguments of counsel, to determine whether or not it will withhold judgment for a class D felony and enter judgment for a class A misdemeanor instead."

*Id.*, 415 N.E.2d at 56. Defendant urges us to make the above language mandatory. However, this language was and still is merely a suggestion as to the better course of action. The failure of the trial court to enter judgment on the Class D felony prior to the habitual offender proceeding was not reversible error. *Gross v. State*, (1983) Ind., 444 N.E.2d 296; *Collins v. State.*

■ Lastly, defendant contends that the trial court erred in denying his request for a new jury panel for the habitual offender portion of trial. Defendant acknowledges that we have already decided this issue on several occasions. *Dorton v. State*, (1981) Ind., 419 N.E.2d 1289; *Shepler v. State*, (1980) Ind., 412 N.E.2d 62. Defendant however, asks us to reconsider these cases in light of our decision in *Powers v. State*, (1982) Ind., 431 N.E.2d 799. We find nothing in *Powers* that changes our previous holdings. Defendant was not entitled to a new jury.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.