Roy H. TAYLOR, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 584S163.

Supreme Court of Indiana.

Aug. 21, 1987.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

The principal issue in this case is whether the Indiana Constitution, Art. 1, § 16 proscribes a thirty-two-year sentence for the theft of fifty dollars worth of merchandise when the conviction is the defendant's fifth nonviolent felony.

We consolidate the other issues Taylor raises on direct appeal to these four:

2) Whether the Indiana Constitution requires that the jury be informed of the penalty for a habitual offender finding and mandates the jury hear

defendant's testimony that he never did anything violent;

3) Whether the trial court erred when it declined to order the prosecutor to provide information Taylor desired to use in challenging the propriety of the habitual offender charge on Eight Amendment grounds and refused to grant a continuance to conduct such discovery;

4) Whether the trial court erred when it sentenced appellant as a felon and commenced the habitual offender phase prior to that determination, and.

5) Whether the trial court properly admitted documents of appellant's prior convictions, a photograph of the stolen items, and a diagram of the store.

Appellant Roy H. Taylor appeals his conviction for theft, a class D felony, Ind.Code § 35–43–4–2(a) (Burns 1985 Repl.), and the determination that he is a habitual offender, Ind.Code § 35–50–2–8 (Burns 1985 Repl.). The trial court imposed a two-year term for the theft and enhanced that sentence by thirty years for the recidivist finding.

At trial the evidence showed that on January 7, 1983, Taylor entered a K–Mart store near the Tippecanoe Mall in Lafayette. He picked up six packages of A.C. spark plugs and put them inside his shirt and jacket. He then left the store without paying. Security manager Patrick Patton stopped Taylor and his brother in the parking lot and escorted the men back to the store's security office. Patton found the six packages of spark plugs with K–Mart price tags inside Taylor's shirt.

Taylor's defense consisted of testimony that he had been drinking alcohol and smoking marijuana on the day of the theft. He had difficulty remembering what happened inside the store, and he presented evidence tending to establish that he acquiesced in his brother's shoplifting plan. Patton and his assistant testified that Taylor did not appear to be under the influence of alcohol or drugs.

After the jury found Taylor guilty of theft, it determined he was a habitual criminal. The jury specifically found he had been convicted of larceny in 1969, 1973 and 1980, and of receiving stolen property in 1978.

### I. *Proportional Punishment*

Taylor argues that a sentence of thirty-two years constitutes cruel and unusual punishment disproportionate for a theft conviction. He maintains the sentence violates the Eighth Amendment of the United States Constitution and Article 1, Section 16 of the Indiana Constitution.

The Eighth Amendment declares: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." In a well known case on this subject, the United States Supreme Court held a life sentence without possibility of parole for a seventh nonviolent felony amounted to cruel and unusual punishment. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In *Solem*, the Court interpreted the Eighth Amendment to include the principle that the punishment be proportionate to the crime. The proportionality analysis focused on three objective criteria: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentence imposed for commission of the same crime in other jurisdictions." *Id.* at 292, 103 S.Ct. at 3011, 77 L.Ed.2d at 650..

 Taylor maintains a sentence of years is disproportionate to the theft of fifty dollars worth of spark plugs under the *Solem* criteria. We find it unnecessary to undertake the extensive proportionality analysis under *Solem* because a sentence for a term of years is distinct from a life sentence without possibility of parole. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (life imprisonment *with* possibility of parole for three nonviolent felonies is not cruel and unusual punishment). "[A] reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *Solem*, 463 U.S. at 290 n. 16, 103 S.Ct. at 3009–3010 n. 16, 77 L.Ed.2d at 649 n. 16. *Solem*

requires an extensive proportionality analysis only in those cases involving life sentences without parole. *United States v. Rhodes*, 779 F.2d 1019, 1028 (4th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 2916, 91 L.Ed.2d 545. Taylor's sentence does not violate the Eighth Amendment.

Although the United States Constitution does not require an intensive proportionality review in this case, the Indiana Constitution does require such an analysis. Our Constitution is explicit on this point: "All penalties shall be proportioned to the nature of the offense." Ind. Const. Art. 1, § 16. Taylor has a right to have the proportionality of his penalty reviewed under the Indiana Constitution.

■ Our state Constitution mandates that the penalty be proportioned to "nature" of the offense. We must focus initially on the principal felony—the theft conviction that triggers the habitual offender statute—because Taylor already has paid the penalty for each of his prior offenses. Taylor's prior convictions are, of course, relevant to the sentencing decision. Therefore, the proportionality analysis of a habitual offender penalty has two components. First, a reviewing court should judge the "nature" and gravity of the present felony. Second, the court should consider the "nature" of the prior offenses.

With regard to the gravity of the primary offense, Taylor argues his theft is a minor offense compared to murder, rape, robbery, burglary, kidnapping, child molesting or arson. The potential for violence with theft is minimal. Our statutes, however, categorize felonies so as to provide a higher presumptive term for violent crimes; hence, a higher total penalty results when the standard thirty years is added to the sentence of a habitual offender who commits a violent crime. Ind.Code § 35–50–2–8 (Burns 1985 Repl.). If a recidivist commits a Class A felony, the presumptive term would be fifty years; if a repeat offender commits a Class D felony, the term would be thirty-two years.

■ This Court has considered the constitutionality of subjecting a thief to the habitual offender enhancement. We have ruled the habitual offender enhancement of a theft conviction was not disproportionate to the offense. *Norris v. State* (1979), 271 Ind. 586, 576, 394 N.E.2d 144, 150. We have specifically held a thirty-two-year sentence was not an unconstitutionally disproportionate penalty for theft of gasoline by a repeat offender. *Hensley v. State* (1986), Ind., 497 N.E.2d 1053. Taylor's sentence of thirty-two years for the theft of fifty dollars worth of spark plugs does not constitute a disproportionate penalty, especially in light of his prior criminal record.

The second factor is the nature of the earlier crimes. Taylor's criminal history has been nonviolent, but prolific. In 1969 Taylor pled guilty to larceny. Taylor and a friend went into a store and removed a television set, a radio, a clock, a guitar, a walkie-talkie and two screwdrivers. In 1973 he again pled guilty to larceny after he and his brother broke into a tavern. In 1978 Taylor pled guilty to receiving stolen property. He accepted tools and equipment that had been stolen from Sears and J.C. Penneys. In 1980 Taylor pled guilty to larceny for a third time. He shoplifted seventy dollars worth of eight-track tapes.

Taylor acknowledges that a state is justified in punishing a recidivist more severely than a first offender, but he maintains the sentence should reflect the nature of the prior convictions and not be based solely on the person's status as a repeat offender. Taylor's previous felonies reflect a person who commits nonviolent crimes when not incarcerated. The history of Taylor's two conviction prior to the present offense are especially telling. In September 1978 Taylor received stolen property from two stores. The trial court sentenced him to a two-year term. He left prison in May 1979 on parole. Ten months later Taylor committed larceny. The court sentenced him in July 1980 to a term of four to six years. Taylor received parole in 1982. In January 1983 he stole the spark plugs. The earlier crimes reflect a pattern of repetition unbroken by short-term incarceration. Taylor's thirty-two-year sentence is not disproportionate because of his inability to control his criminal habit.

The sentence does not violate the Indiana Constitution.

## II. *Jury's Role in Habitual Offender Proceeding*

■ Taylor presents two arguments based on Article 1, Section 19 of the Indiana Constitution which reads: "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." First, he argues the trial court erred in ordering defense counsel not to mention the possible penalty for the habitual offender finding before the jury. The jury's right under the Indiana Constitution to determine the law has some limitations; the jury, for instance, has no responsibility to assess penalties under the current criminal code. *Jones v. State* (1983), Ind., 449 N.E.2d 1060. The habitual offender finding is a means of sentencing and is not a determination of law. The trial court properly refused to instruct the jury on the penalty which would attach if the jury found Taylor to be an habitual offender. *Underhill v. State* (1981), Ind., 428 N.E.2d 759.

■ Second, Taylor claims he should have been permitted to testify about why he did not deserve to be considered a habitual criminal at that phase of trial. He states the issue of proportionality is a matter for the jury. We disagree.

The only relevant evidence in a habitual offender proceeding is evidence that proves or disproves the defendant's prior felony convictions. *Thomas v. State* (1983), Ind., 451 N.E.2d 651, 654. Taylor's offer of proof shows no relevant evidence that the jury should have heard. He said he was thirty-five years old and knew the penalty for theft could be from one to four years. He realized the penalty would be enhanced by thirty years if he were found to be an habitual offender. Taylor further testified he never hurt anyone, never robbed, raped, or pulled a weapon on anyone. He said that while he stole things, he did not feel he was a habitual criminal. Though the trial court may consider the testimony for sentencing, Article 1, Section 19 of the Indiana Constitution does not require that this evidence go to the jury.

## III. *Discovery and Continuance*

Taylor suggests that the Eighth Amendment of the United States Constitution gives him the right to discover evidence necessary to prove disproportionality under the standard set forth in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001.

On September 26, 1983, Taylor moved that the State produce a list showing the "accused in each felony prosecution for Habitual Offender commenced in the 23rd Judicial Circuit since 1973, with copies of all prior convictions." Taylor indicated that the information was necessary to determine whether the habitual criminal charge was "selectively or vindictively" made and whether the prosecution conformed to the Eighth Amendment.

■ Neither federal nor state precedent require discovery in this instance. In *Holley v. Smith*, 792 F.2d 1046 (11th Cir.1986), the Court of Appeals held the defendant was not entitled to discovery and an evidentiary hearing on the issue of proportionality under *Solem*. This Court has also affirmed a trial court's denial of a similar discovery request. In *Jones v. State* (1983), Ind., 449 N.E.2d 1060, the defendant requested the name, address, race and gender of everyone charged with a felony in Monroe County from 1975 to 1981, who could have been charged as a habitual offender. We held that the trial court's denial of discovery was within its discretion "[b]ased on the questionable materiality of the information sought and the burden that compelling such discovery would place on the state...." *Id.* at 1065.

In addition to pre-trial discovery, Taylor moved for a continuance to permit him time for discovery on the habitual offender question. Taylor argues the trial court erred in overruling his motion. In light of our holding that Taylor did not have a right to require that the State produce the information he requested, it was appropriate for the trial court to deny this request as well.

## IV. *Habitual Offender Sentencing*

■ Taylor next argues the trial court abused its discretion when it sentenced him as a felon. A conviction for theft is pre-

sumptively a class D felony. Ind.Code § 35–43–4–2 (Burns 1985 Repl.). The trial court sentenced Taylor to a two-year term. The legislature made theft a felony and gave the trial court discretion to treat the crime as a misdemeanor. Ind.Code § 35–50–2–7(b) (Burns 1985 Repl.). A trial judge need not state a basis for imposing the presumptive sentence. *Hansford v. State* (1986), Ind., 490 N.E.2d 1083. Taylor's prior criminal activity suggests leniency would have been inappropriate.

After the court read the presentence report and heard Taylor's testimony, it entered the theft conviction as a class D felony. The trial court found the absence of violence to be a mitigating circumstance, but noted Taylor's prior criminal record as an aggravating factor. The trial judge declared that there was "no way" he could reduce the theft to a class A misdemeanor.

Taylor also claims the trial court should have determined whether to sentence Taylor as a felon or misdemeanant prior to the habitual offender phase of trial. Taylor admirably concedes the issue has already been decided adversely to his position. *Wright v. State* (1984), Ind., 467 N.E.2d 22.

## V. *Evidentiary Rulings*

■ Taylor contests a number of the trial court's evidentiary rulings. He argues it was improper to admit the documents used to establish his prior convictions without the presence of a testimonial sponsor whom he could cross-examine. Trial Rule 44(A)(1), Ind.Rules of Procedure, allows for the admission of official records provided they are properly certified. Each exhibit contains a certification under seal by a public official that the record is true and complete. It is not necessary for a witness to testify to properly authenticated official records. *Gross v. State* (1983), Ind., 444 N.E.2d 296, 300.

■ The next evidentiary issue Taylor raises is the admission of a package of spark plugs identical to the ones stolen. Security manager Patton retrieved the original packages from Taylor, photographed them, held them for thirty days, and then returned them to inventory. Patton identified a similar package of spark plugs at trial. He said the exhibit was the same brand as Taylor had in his possession, but they were not the same spark plugs Taylor had taken. The stolen spark plugs had been returned to the sales floor and sold. Over Taylor's objection, the trial court admitted the exhibit "not to prove that these are the spark plugs taken but these are the same brand and just like the ones taken." The trial court's limiting instruction makes clear the exhibit was offered for illustrative purposes and was not "real" evidence.

■ Taylor argues that the trial court's admission of the exhibit violated the best evidence rule. He is incorrect, as that rule applies only to writings. *Sanders v. State* (1976), 264 Ind. 688, 691, 348 N.E.2d 642, 644.

On another evidentiary issue, Taylor argues a diagram of the K–Mart store was improperly admitted. Patton identified the exhibit as a diagram of the sales floor. The diagram accurately depicted the relationship of one department to another but was not drawn to scale. The trial court admitted the document with a limiting instruction.

■ The admission of such a diagram is within the trial court's discretion, and its decision will be reversed only for an abuse of discretion. *Owensby v. State* (1984), Ind., 467 N.E.2d 702, 709. Even a diagram not drawn to scale may be admitted if it is sufficiently explanatory or illustrative of relevant testimony to be of potential help to the trier of fact. *Wooden v. State* (1985), Ind., 486 N.E.2d 441, 442. Both Patton and Beth O'Blenis, Patton's assistant, utilized the diagram in their testimony. It was proper for the trial court to admit it.

■ Taylor states the trial court erred by refusing to give a limiting instruction when it admitted two photographs. The photographs showed the stolen items. Taylor objected on the basis of the best evidence rule. The trial court properly overruled that objection. *Sanders v. State,* 264 Ind. 688.

Taylor's counsel also requested "a limiting instruction showing that those are photographs, those are not the pictures, those are not the items themselves." Taylor charges the trial court's denial of this request may have led the jury to misunderstand the evidentiary value of the photographs. We are confident the jury understood the difference.

We affirm the trial court's judgment.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.