**James D. CONNER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 21S01–9312–CR–1438.

Supreme Court of Indiana.

Dec. 30, 1993.

**804**

Susan K. Carpenter, Public Defender, Teresa D. Harper, Gregory L. Lewis, Deputy Public Defenders, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

SHEPARD, Chief Justice.

If only James Conner had filled his sandwich baggies with real marijuana instead of the harmless moist plant material he sold to the police informant. To his surprise and dismay, under Indiana's drug statutes selling fake marijuana is classified as a much more serious crime than selling actual marijuana.

Conner was convicted of distributing a substance represented to be a controlled substance, a class C felony, Ind.Code Ann. § 35–48–4–4.6 (West Supp. 1993). A divided Court of Appeals affirmed his conviction, but remanded for a new sentencing. *Conner v. State* (1993), Ind.App., 613 N.E.2d 484. Conner raises several issues in his petition for transfer, including a claim under Article I, Section 16 of the Indiana Constitution that his punishment is disproportionate to the nature of the offense for which he was convicted. We grant transfer to consider this contention.

### I. The Buy

Deputy Ted McQuinley of the Fayette County Sheriff's Department arranged for police informant Mark Evers to purchase $1,600 worth of marijuana from Conner. During the transaction, Conner produced sixteen small plastic bags of plant material, which he conveyed to Evers in exchange for the $1,600 in cash. The State Police chemist subsequently found no traces of marijuana in the various samples of the plant material he tested. Together, the content of all the baggies weighed a total of 145.4 grams.

### II. The Statutes

Dealing in a non-controlled substance represented to be a controlled substance is a class D felony. Ind.Code Ann. § 35–48–4–4.5 (West Supp. 1993). Manufacturing or distributing a non-controlled substance represented to be a controlled substance is a class C felony. Ind.Code Ann. § 35–48–4–4.6 (West Supp. 1993). All fake drugs are treated alike; these statutes are indifferent to the type of drug the non-controlled substance is represented to be.

According to Ind.Code Ann. § 35–48–2–4(d)(14) (West Supp. 1993), marijuana is a schedule I drug. Nevertheless, our General Assembly specifically exempted marijuana from the statutory scheme covering schedule I drugs. Ind.Code Ann. §§ 35–48–4–2(a)(1) and (2) (West Supp.1993). Unlike all other controlled substances, the penalty for dealing in which is a felony of one class or another, dealing in 30 grams

or less of marijuana (or comparatively small amounts of hash oil and hashish) is only a misdemeanor. As Judge Baker observed in dissent, the legislature explicitly "insiste[d] that offenses involving marijuana be punished less severely." *Conner*, 613 N.E.2d at 495.

Ordinarily, once tests reveal even a trace of a controlled substance, the drug present determines the class of the offense.[1] In most instances, dealing in an actual controlled substance carries a greater penalty than dealing in a fake controlled substance. For example, dealing in heroin, a schedule I drug, is a class B felony, but passing off fake heroin for the real thing is a class D felony.[2] This statutory scheme under which sales of non-controlled substances are accorded more lenient treatment breaks down, however, when the drug in question is marijuana.[3]

Dealing in more than thirty grams of marijuana is a class D felony, Ind.Code Ann. § 35–48–4–10(b)(1)(B) (West Supp. 1993), carrying a maximum prison term of three years. Ind.Code Ann. § 35–50–2–7 (West Supp.1993). Since the State's chemist did not find any traces of marijuana in the samples he tested from among the 145.4 grams of material sold to the police informant, Conner was instead convicted of distributing[4] a substance represented to be a controlled substance—a class C felony—for which he received a six year prison sentence. The maximum sentence for a class C felony is eight years. Ind.Code Ann. § 35–50–2–6 (West Supp.1993).

■ Conner's sentence was thus twice as long as the maximum penalty he would have faced had the chemist found any evidence of marijuana.[5] Given this discrepancy in penalties, purveyors of less than pure pot presumably would be prosecuted not for peddling pot, but for either dealing or distributing any amount of oregano or other non-controlled substance found mixed-in with the demon weed. Indeed, dealing nearly ten pounds of real marijuana exposes one to less criminal liability than distributing even one gram of fake marijuana.

---

1. Dealing in cocaine or a narcotic drug is generally a class B felony (§ 35–48–4–1); dealing in a schedule I, II, or III controlled substance *except marijuana, hash oil, or hashish* is also generally a class B felony (§ 35–48–4–2); dealing in a schedule IV controlled substance is generally a class C felony (§ 35–48–4–3); dealing in a schedule V controlled substance is generally a class D felony (§ 35–48–4–4). Most of these sections provide for greater sanction when the amount involved exceeds a specific quantity, and each enhances the felony classification if the dealing takes place near a school, etc.

2. The maximum prison sentence for a class B felony is twenty years, whereas a class D felony carries a maximum prison term of three years. *Compare* Ind.Code Ann. § 35–50–2–7 (West 1986) *with* Ind.Code Ann. § 35–50–2–7 (West Supp.1993).

3. In addition to marijuana, hash oil, and hashish, each of which is a schedule I drug, the only other potential for the imposition of a greater penalty when the controlled substance is fake arises when the fake drug was represented to be a schedule V controlled substance. Schedule V controlled substances are defined in Ind.Code Ann. § 35–48–2–11 (West Supp.1993) as having "low potential for abuse" and "limited physical ... or psychological dependence liability," and dealing in such drugs is a class D felony. § 35–48–4–4.

Such a case is not now before us, and we do not speculate as to the constitutionality of such treatment. We note, however, that, unlike the specific exemption of marijuana from schedule I, the legislature has determined the minimum penalty for a schedule V offense is still a felony even in the absence of aggravating circumstances.

4. The distinction between dealing (§ 35–48–4–4.5) and distributing (§ 35–48–4–4.6) is less than precise. The structure of § 4.6 suggests it is geared to larger, commercial operations, prohibiting manufacturing, financing the manufacture, advertising, or *distributing* substances represented to be controlled substances.

Unfortunately, the term "distribute" also appears in § 4.5's prohibition on dealing in such substances. For example, sub-section (a)(2) refers to substances which are "*distributed* under circumstances that would lead a reasonable person to believe that the substance is a controlled substance," (emphasis supplied), and sub-section (b)(4)(A) focuses on whether "the *distribution* included an exchange of ... money," (emphasis supplied).

Though cognizant of this ambiguity, we decline to find fault with the prosecution's decision to charge Conner under § 4.6.

5. The marijuana statutes—indeed, all of the controlled substance statutes—apply regardless whether the drug is in "pure or adulterated" form.

## III. The Indiana Constitution

In its direction that "[a]ll penalties shall be proportioned to the nature of the offense," Article I, Section 16 of the Indiana Constitution makes clear that the State's ability to exact punishment for criminal behavior is not without limit. This provision goes beyond the protection against cruel and unusual punishment contained in the Eighth Amendment to the U.S. Constitution. *Taylor v. State* (1987), Ind., 511 N.E.2d 1036. Much of the recent case law interpreting Section 16 involves challenges to sentences enhanced according to the habitual offender statute. *See, e.g., Best v. State* (1991), Ind., 566 N.E.2d 1027; *Mills v. State* (1987), Ind., 512 N.E.2d 846; and *Taylor*, 511 N.E.2d 1036. In such cases, the two-part analysis reviews the nature and gravity of the present offense as well as the nature of prior offenses.

When the challenge does not stem from the defendant's status as an habitual offender, however, the analysis is more straightforward. As we observed in *Hollars v. State* (1972), 259 Ind. 229, 236, 286 N.E.2d 166, 170, Section 16 applies "only when a criminal penalty is not graduated and proportioned to the nature of an offense."

While this Court cannot set aside a legislatively sanctioned penalty merely because it seems too severe, *id.*, "the fact that appellant's sentence falls within parameters affixed by the legislature does not relieve this Court of the constitutional duty [under Section 16] to review the duration of appellant's sentence as it is possible for the statute under which appellant is convicted to be constitutional, and yet be unconstitutional as applied to appellant in this particular instance." *Clark v. State* (1990), Ind., 561 N.E.2d 759, 765.

## IV. The Conclusion

The legislature may, in its wisdom, define the separate crime of dealing in a substance represented to be controlled substance, and so classify that crime as to provide an appropriate penalty. Nevertheless, in light of the lesser penalties which attach to marijuana offenses, relative to other controlled substances, we conclude that the application of § 35–48–4–4.6 to Conner violates the constitutional requirement that all penalties be in proportion to the nature of the offense.

Prosecuting Conner for distributing fake marijuana exposed him to a maximum sentence of eight years in jail. The six year prison term he received was twice the maximum penalty available had he actually sold marijuana to the police informant. Such a doubling of the penalty is out of proportion to the nature of his offense.

The Court of Appeals correctly rejected Conner's arguments relating to the conviction itself and rightly concluded that one of the aggravating circumstances found by the trial court was impermissible. We summarily affirm their disposition of these issues. Ind. Appellate Rule 11(B)(3). Accordingly, we affirm the conviction, vacate the penalty, and remand with instructions to resentence Conner up to a maximum of three years' imprisonment.

DeBRULER, DICKSON, and SULLIVAN, JJ., concur.

GIVAN, J., dissents with separate opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. I believe the majority opinion is an improper invasion of the province of the legislature. I see no constitutional violation in the legislature determining that perpetrating a fraud by purporting to sell drugs when the content of the package in fact is not a drug should be punished more severely than the actual dealing in marijuana.

In the case of the actual dealing, the legislature, in its wisdom, has seen fit to provide that such dealing should not be punished as severely as the dealing in more potent drugs. However, they are within the constitutional provisions by providing that fraud, notwithstanding the representations as to the involved package, should be punished severely.

I think the majority opinion of the Court of Appeals, published at 613 N.E.2d 484, is correct. I would deny transfer in this case.