STATE of Indiana, Appellant
(Plaintiff Below),

v.

Kathleen MOSS–DWYER, Appellee
(Defendant Below).

No. 45S00–9610–CR–657.

Supreme Court of Indiana.

Oct. 23, 1997.

Pamela Carter, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellant.

Marce Gonzalez, Jr., Merrillville, Thomas W. Vanes, Merrillville, for Appellee.

SHEPARD, Chief Justice.

The General Assembly has classified the crime of giving false information in an application for a handgun license as a class C felony. The Lake Superior Court held that this penalty was facially unconstitutional as a violation of the proportionality requirement of the Indiana Constitution, Article I, Section 16.[1]

The trial court certified its order for interlocutory appeal, and we accepted jurisdiction to consider the constitutional issue presented.[2] Ind.App.Rule 4(A)(8). We reverse.

## Facts

The facts relevant to this appeal are uncontroverted. The State charged Moss–Dwyer with giving false information in applying for a license to carry a handgun in violation of Ind.Code § 35–47–2–17. According to the probable cause affidavit, Moss–Dwyer listed her former marital residence as her current address on the application. Such a violation is a class C felony, according to the penalty provision of Ind.Code § 35–47–2–23(b).

## Standard of Review

Whether a statute is constitutional on its face is a question of law. *In the Matter of Public Law No. 154–1990 (H.E.A. 1044),* 561 N.E.2d 791 (Ind.1990); *Dunbar v. State,* 160 Ind.App. 191, 311 N.E.2d 447 (1974). Where the issue presented on appeal is a pure question of law, we review the matter de novo. *Brown v. State,* 653 N.E.2d 77 (Ind.1995); *MacLeod v. Guardianship of Hunter,* 671 N.E.2d 177 (Ind.App.1996); *George S. May Intern. Co. v. King,* 629 N.E.2d 257 (Ind.App.1994).

## The Statutes at Issue

In reaching its conclusion that the penalty provision at issue was unconstitutional, the

---

1. Both parties frame the issue as concerning the constitutionality of Ind.Code § 35–47–2–17, which prohibits giving false information in the application for a handgun license. The real issue in this case concerns the constitutionality of the *penalty* provision for the underlying crime, found at Ind.Code § 35–47–2–23. While the trial court did not state precisely which provision it was holding unconstitutional, it found the "statutory scheme regulating the licensing of handguns" in violation of the proportionality requirement found in Article I, Section 16, of our state constitution. (R. at 50.) A proportionality challenge such as the one before us is not a question about whether the legislature may prohibit certain conduct, but instead is a question over whether the penalty which the legislature prescribes is "pro-portioned to the nature of the offense" Ind. Const. art. I, § 16.

2. The trial court's order actually presents three issues: (1) the constitutionality of the penalty scheme, (2) the trial court's indication that it would instruct the jury that the statute contains a mens rea element, and (3) the trial court's indication that it would instruct the jury that the statute contains a materiality element. The State purports in its brief to "reserve[ ] the right to challenge the materiality and mens rea instructions in a later appeal" (Appellant's Br. at 2), choosing to appeal now only the ruling on constitutionality. Whether the Rules of Appellate Procedure permit this type of reservation remains to be seen.

trial court compared the penalty for giving false information to obtain a license and the penalty for carrying a handgun without a license.

Indiana Code § 35–47–2–17 reads in pertinent part: "No person, in purchasing or otherwise securing delivery of a handgun or in applying for a license to carry a handgun, shall give false information or offer false evidence of identity." [3] Indiana Code § 35–47–2–1 reads: "Except as provided in section 2 of this chapter, a person shall not carry a handgun in any vehicle or on or about his person, except in his dwelling, on his property or fixed place of business, without a license issued under this chapter being in his possession." [4] The first offense is a class C felony; the second offense is a class A misdemeanor.[5]

The standard penalty for a class C felony, with which Moss–Dwyer has been charged, is a prison term of five years. Ind.Code Ann. § 35–50–2–6 (West Supp.1996). The penalty for a class A misdemeanor is a prison term of not more than one year. Ind.Code Ann. § 35–50–3–2 (West 1986).

### Summary of Arguments

To justify reversal, the State argues primarily that the trial court impermissibly invaded the legislative domain. According to the Attorney General, "Fixing the penalties for crimes is generally reserved for the legislature.... The trial court impermissibly infringed on a legislative prerogative when it declared that submitting a false handgun application was not more serious than carrying a handgun without a license." (Appellant's Br. at 3.)

The crux of Moss–Dwyer's argument is that the handgun licensing statutes are inconsistent and poorly drafted, resulting in a disproportionate penalty scheme the likes of which we struck down in *Conner v. State*, 626 N.E.2d 803 (Ind.1993).

### Is This Unconstitutional?

Article I, Section 16, of the Indiana Constitution requires that "[a]ll penalties shall be proportioned to the nature of the offense." As we observed in *Conner*, much of the recent case law interpreting the proportionality clause of Section 16 involves sentencing enhancements based on habitual offender designation. 626 N.E.2d at 806. *See e.g.*, *Clark v. State*, 561 N.E.2d 759 (Ind.1990); *Taylor v. State*, 511 N.E.2d 1036 (Ind.1987); *Schnitz v. State*, 650 N.E.2d 717 (Ind.Ct.App. 1995); *Steelman v. State*, 602 N.E.2d 152 (Ind.App.1992). In those cases, the proportionality review involves a two-step analysis which focuses on the nature and gravity of the present offense and that of the prior offenses. In cases such as this, where the statutory punishment of a single crime is alleged to be constitutionally disproportionate, our analysis is more straightforward. *Conner*, 626 N.E.2d at 806.

▇▇▇ Indiana courts have consistently supported the proposition that "[t]he nature and extent of penal sanctions are primarily legislative considerations...." *Person v. State*, 661 N.E.2d 587, 593 (Ind.App.1996), *trans. denied.*[6] Our separation of powers doctrine requires we take a highly restrained approach when reviewing legislative prescriptions of punishments. While legislative decisions do not completely escape review, "judicial review of a legislatively sanctioned penalty is very deferential." *Person*, 661 N.E.2d at 593 (citing *Conner*, 626 N.E.2d at 806). We will not disturb the legislative determination of the appropriate penalty for criminal behavior except upon a showing of

---

3. Ind.Code Ann. § 35–42–2–17 (West 1996).

4. Ind.Code Ann. § 35–47–2–1 (West Supp.1996).

5. Ind.Code Ann. § 35–47–2–23 (West Supp. 1996).

6. *See also Mellot v. State*, 219 Ind. 646, 650, 40 N.E.2d 655, 656 (1942) ("The amount of punishment for the commission of a crime is a function of the legislature and not a judicial function performed by the court"); *Lowe v. State*, 260 Ind. 610, 614, 298 N.E.2d 421, 423 (1973) ("[T]he

fixing of criminal penalties is for the Legislature, not the Judiciary."); *Neal v. State*, 266 Ind. 665, 668, 366 N.E.2d 650, 652 (1977) ("[T]he determination of appropriate penalties for crimes committed within this state is a function properly exercised by the legislature...."); *Schnitz v. State*, 650 N.E.2d 717, 724 (Ind.App.1995) (citing *Steelman v. State*, 602 N.E.2d 152, 160 (Ind.App. 1992)) ("Determining the appropriate sentence for a crime is a function properly exercised by the legislature.").

clear constitutional infirmity. *Steelman,* 602 N.E.2d at 160. As the court stated in *Person,* "When considering the constitutionality of a statute, we begin with the presumption of constitutional validity, and therefore the party challenging the statute labors under a heavy burden to show that the statute is unconstitutional." 661 N.E.2d at 592 (citing *Jackson v. State,* 634 N.E.2d 532, 535 (Ind. App.1994)). A court is not at liberty to set aside the legislative determination as to the appropriate penalty merely because it seems too severe. *Conner,* 626 N.E.2d at 806; *Clark v. State,* 561 N.E.2d 759 (Ind.1990).

■ The trial court relied mainly on our reasoning in *Conner v. State* when it held that the penalty for giving false information on a handgun application was constitutionally disproportionate to the crime. In *Conner,* the defendant was convicted of distributing a substance represented to be marijuana, carrying a more severe penalty than he would have received had he distributed real marijuana.[7] Applying its understanding of *Conner* to these facts, the court concluded that the legislature acted unconstitutionally when it made giving misinformation on a handgun permit application a greater crime than carrying a handgun without a license. We distinguish *Conner* from the present case in significant and determinative ways.

Underlying our decision in *Conner* was the legislative pattern of treating marijuana offenses more leniently than the same offenses relating to other controlled substances. Our decision in that case was not based solely on apparent inconsistencies in the legislative scheme relating to drug enforcement. Rather, we found the particular provision punishing dealing fake marijuana more harshly than real marijuana to be disproportionate in light of the legislative pattern of punishing real marijuana offenses more leniently than other real drug offenses and of punishing real drug dealing more harshly than fake drug dealing. The present case is different.

■ In the handgun permit application scheme here, we see no similar pattern of leniency. A finding that a statute is unconstitutional should be reserved only for penalties so disproportionate to the nature of the offense as to amount to "clear constitutional infirmity" sufficient to overcome the "presumption of constitutionality" afforded to legislative decisions about penalties. *Steelman,* 602 N.E.2d at 160; *Person,* 661 N.E.2d at 592.

The treatment afforded the crime in the present case appears similar to several other crimes involving misinforming or deceiving public officials—the gravamen of the present crime. For example, perjury is punished as a class D felony. Ind.Code Ann. § 35–44–2–1 (West 1986). Bribery is punished as a class C felony. Ind.Code Ann. § 35–44–1–1 (West 1986). Obstruction of justice is punished as a class D felony. Ind.Code Ann. § 35–44–3–4 (West 1986).[8] Each of these crimes involves a degree of deception, and each is punished as a felony. Contrary to the *pattern* of leniency we found in *Conner,* we observe here that the legislature treats at least some other crimes of deception as felonies. The classification of giving false information on an application for a handgun permit as a class C felony does not appear so disproportionate as to justify striking down a legislative determination of the appropriate penalty.

Moss–Dwyer argued, and the trial court agreed, that "in choosing to abide by the law and apply for a permit, [the defendant] faces a penalty significantly greater than persons who elect to not abide by the law in ... carrying a handgun without a license." (Appellee's Br. at 10; R. at 49.) *That argument* mischaracterizes the effects of violating the handgun application statute. In falsifying an application, Moss–Dwyer has *not* chosen to abide by the law. One does not abide by the law simply by applying for a permit, but by

---

7. According to *Conner,* "Given this discrepancy in penalties, purveyors of pure pot presumably would be punished not for peddling pot, but for either dealing or distributing any amount of oregano or other non-controlled substance found mixed in with the demon weed." 626 N.E.2d at 805.

8. A similar crime of deception of private parties, forgery, is a class C felony. Ind.Code Ann. § 35–43–5–2 (West 1986).

applying for a permit, being completely truthful on one's application, and ultimately receiving a valid permit before carrying a handgun. The General Assembly rightfully may penalize the wrongful act of giving misinformation on the permit application more severely than the separate wrongful act of carrying a handgun without having applied for a permit at all.

The legislature could well determine that giving false information on an application for a handgun permit was a more serious crime than carrying a handgun without a license. A person who violates Ind.Code § 35–47–2–17 and gets a handgun actually commits two wrongs: carrying a handgun without a valid permit and deceiving a public official. A person who violates Ind.Code § 35–47–2–1 commits only one of those two wrongs, carrying a handgun without a valid permit. While Moss–Dwyer points out several apparent anomalies in the sentencing scheme for handgun permitting which she believes render the scheme "fatally deficient," our review of the scheme as a whole does not persuade us to agree. In light of the presumption of constitutionality of statutes, and the heavy burden on the party asserting unconstitutionality, we are not convinced that the handgun permit penalty scheme violates the proportionality requirement of the Indiana Constitution.

### Summary and Conclusion

Given the limited role of the judiciary in this arena, we agree with the Attorney General that the trial court impermissibly infringed upon the legislative prerogative when it held Ind.Code § 35–47–2–23 unconstitutional on its face. We accordingly reverse, concluding that Ind.Code § 35–47–2–23 does not violate the proportionality requirement contained in Article I, Section 16 of the Indiana Constitution.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.