## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 27 2019, 9:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Law Office of Christopher G. Walter, P.C.
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronald Victor Johnson,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

November 27, 2019

Court of Appeals Case No.
19A-CR-994

Appeal from the Marshall Superior Court

The Honorable Robert O. Bowen, Judge

Trial Court Cause No.
50D01-1804-F3-6

**Brown, Judge.**

[1] Ronald Victor Johnson appeals his conviction for dealing in a look-a-like substance as a level 5 felony and asserts his sentence is inappropriate. We affirm.

*Facts and Procedural History*

[2] On October 2, 2017, Johnson discussed selling marijuana to a confidential informant ("C.I.1."), negotiated the weight of the marijuana, and selected to meet at the Family Express. While an undercover officer and C.I.1. were at the Family Express, "the message came through saying that . . . D would drop it off," and Deandre Pickford met C.I.1. and sold her marijuana. Transcript Volume II at 77. On October 6, 2017, Johnson sold marijuana to a second confidential informant ("C.I.2.").

[3] On November 30, 2017, Johnson contacted C.I.2. and stated he had liquid morphine available for purchase which he had obtained from his grandfather. He indicated he might have "D" meet C.I.2. *Id.* at 63. Johnson met with C.I.2., C.I.2. handed money to Johnson, and Johnson poured a substance into a water bottle because C.I.2. was not buying the entire bottle. C.I.2. believed he was buying morphine.

[4] On April 2, 2018, the State charged Johnson with three counts of dealing in marijuana as level 6 felonies as Counts I, II, and III, and one count of dealing in a schedule II controlled substance as a level 3 felony as Count IV.[1] The State

---

[1] Count I alleged dealing on September 21, 2017.

also filed a notice of intent to seek an enhancement based upon a prior conviction with respect to Counts I, II, and III. On February 27, 2019, the State filed an amended charging information modifying Count IV to dealing in a look-a-like substance as a level 5 felony.

[5] The court held a bench trial and found Johnson not guilty on Count I and guilty on Counts II, III, and IV. At sentencing, Johnson apologized to his family and stated jail helped him understand that he has so much more to offer. Johnson's counsel mentioned Article 1 Section 16 of the Indiana Constitution and the rule of proportionality and argued:

> Now that particular article indicates that if he commits one (1) set of – commits an offense and the facts in those particular offense would also be grounds for conviction in a . . . situation where it's a lower felony, the Court should take that into account in terms of sentencing. I point that out because under 35-48-4-4.5 Dealing in a Substance Represented to be a Controlled Substance what he did fits in that particular situation because it says a person who knowingly or intentionally delivers a substance other than a controlled substance, which that was the case, or a drug for which prescription is required, which it is for morphine, under federal or state law that is expressly or impliedly represented to be a controlled substance. That's a Level 6 Felony. They charged him under a Level 5 on the exact facts that he would be guilty of a Level 6, so, I think, under the Constitution, I think the Court can't sentence him beyond the Level 6 framework. So we're asking the Court to impose just an advisory sentence on all of the sentences, run them concurrent, which I think the Court has to do and we'd ask the Court to sentence him in that fashion.

*Id.* at 96-97.

On April 4, 2019, the court sentenced Johnson to one and one-half years for Counts II and III and four years with one year suspended for Count IV to be served concurrently. The court also stated that it would consider a sentence modification if Johnson successfully completes the clinically appropriate substance abuse treatment as determined by the Department of Correction ("DOC") and is free of conduct violations during incarceration.

## *Discussion*

Johnson argues that he should not have been convicted under Count IV of dealing in a look-alike substance pursuant to the doctrine of proportionality under Article 1, Section 16 of the Indiana Constitution. He also argues that his sentence is inappropriate because the facts do not warrant any enhancements and he was contrite, battled with illicit substances, and was only twenty-five years old.

As for Johnson's proportionality argument, Article 1, Section 16 provides that "[a]ll penalties shall be proportioned to the nature of the offense." It is violated only when the criminal penalty is not graduated and proportioned to the nature of the offense. *Knapp v. State*, 9 N.E.3d 1274, 1289 (Ind. 2014), *cert. denied*, 135 S. Ct. 978 (2015). Though we "cannot set aside a legislatively sanctioned penalty merely because it seems too severe," Article 1, Section 16 requires us to review whether a sentence is not only within statutory parameters, but also constitutional as applied to the particular defendant. *Id.* at 1290. "A sentence violates the Proportionality Clause when 'offenses with identical elements [are] given different sentences.'" *Johnson v. State*, 103 N.E.3d 704, 707 (Ind. Ct. App.

2018) (quoting *Poling v. State*, 853 N.E.2d 1270, 1276-1277 (Ind. Ct. App. 2006), *reh'g denied*), *trans. denied*.

[9]     The State charged Johnson with Count IV under Ind. Code § 35-48-4-4.6(a), which at the time of the offense and sentencing provided:

> A person who knowingly or intentionally:
>
>>     (1) manufactures;
>>
>>     (2) finances the manufacture of;
>>
>>     (3) advertises;
>>
>>     (4) distributes; or
>>
>>     (5) possesses with intent to manufacture, finance the manufacture of, advertise, or distribute;
>
> a substance described in section 4.5 of this chapter commits a Level 5 felony.

(Subsequently amended by Pub. L. No. 80-2019, § 27 (eff. July 1, 2019)).[2] The amended charging information alleged that Johnson "did knowingly distribute a substance other than a controlled substance or a drug for which a prescription is required under federal or state law, said substance being expressly or impliedly represented to be a controlled substance, to-wit: Ronald Victor

---

[2] The legislature amended the statute in 2019 to provide that "[a] person who knowingly or intentionally . . . distributes . . . a substance represented to be a controlled substance commits a Level 6 felony. However, the offense is a Level 5 felony if the person has a prior unrelated conviction under this chapter." Ind. Code § 35-48-4-4.6; *see* Pub. L. No. 80-2019, § 27 (eff. July 1, 2019).

Johnson advised he has 15ml of purported Morphine Sulfate Oral Solution . . .

. ." Appellant's Appendix Volume II at 120.

[10] Johnson points to Ind. Code § 35-48-4-4.5, which at the time of the offense provided:

> (a) A person who knowingly or intentionally delivers or finances the delivery of any substance, other than a controlled substance or a drug for which a prescription is required under federal or state law, that:
>
>> (1) is expressly or impliedly represented to be a controlled substance;
>>
>> (2) is distributed under circumstances that would lead a reasonable person to believe that the substance is a controlled substance; or
>>
>> (3) by overall dosage unit appearance, including shape, color, size, markings, or lack of markings, taste, consistency, or any other identifying physical characteristic of the substance, would lead a reasonable person to believe the substance is a controlled substance;
>
> commits dealing in a substance represented to be a controlled substance, a Level 6 felony.
>
> (b) In determining whether representations have been made, subject to subsection (a)(1), or whether circumstances of distribution exist, subject to subsection (a)(2), the trier of fact may consider, in addition to other relevant factors, the following:
>
>> (1) Statements made by the owner or other person in control of the substance, concerning the substance's nature, use, or effect.

(2) Statements made by any person, to the buyer or recipient of the substance, that the substance may be resold for profit.

(3) Whether the substance is packaged in a manner uniquely used for the illegal distribution of controlled substances.

(4) Whether:

(A) the distribution included an exchange of, or demand for, money or other property as consideration; and

(B) the amount of the consideration was substantially greater than the reasonable retail market value of the substance.

(Subsequently repealed by Pub. L. No. 80-2019, § 26 (eff. July 1, 2019)).

[11] Johnson asserts that "each and every element could have been checked off under former Ind. Code § 35-48-4-4.5 just as easily as former Ind. Code § 35-48-4-4.6(a)" and that "the nature of the offense was exactly what is described under Ind. Code § 35-48-4-4.5 in that [he] was attempting to deal a substance represented to be a controlled substance." Appellant's Brief at 10. He requests that we remand with instructions to sentence him under a level 6 felony as opposed to a level 5 felony.

[12] The State asserts that convictions under Ind. Code §§ 35-48-4-4.5 and 4.6 do not require proof of identical elements. It points out that to convict a defendant under subsection 4.5(a) it was required to prove that a defendant delivered or financed the delivery of a look-a-like substance, while subsection 4.6(a) required

it to prove that a defendant distributed a look-a-like substance described in subsection 4.5. It also correctly points out that Ind. Code § 35-48-1-11 defines "[d]elivery" as "(1) an actual or constructive transfer from one (1) person to another of a controlled substance, whether or not there is an agency relationship; or (2) the organizing or supervising of an activity described in subdivision (1)," and that Ind. Code § 35-48-1-14 defines "[d]istribute" as "to deliver other than by administering or dispensing a controlled substance."

[13] In *Conner v. State*, 626 N.E.2d 803, 804 (Ind. 1993), the Indiana Supreme Court mentioned the distinction between Ind. Code §§ 35-48-4-4.5 and 35-48-4-4.6. In that case, James Conner conveyed sixteen small plastic bags of plant material to a police informant in exchange for $1,600. Subsequent testing found no traces of marijuana in the various test samples of the plant material. 626 N.E.2d at 804. On appeal, the Indiana Supreme Court observed that "[i]f only James Conner had filled his sandwich baggies with real marijuana instead of the harmless moist plant material he sold to the police informant" and that "[t]o his surprise and dismay, under Indiana's drug statutes selling fake marijuana is classified as a much more serious crime than selling actual marijuana." *Id.* The Court observed that Conner's sentence was twice as long as the maximum penalty he would have faced had the chemist found any evidence of marijuana and that "dealing nearly ten pounds of real marijuana exposes one to less criminal liability than distributing even one gram of fake marijuana." *Id.* at 805. The Court found that the six-year prison term he received was twice the maximum penalty available had he sold actual marijuana to the police

informant and that such a doubling of the penalty was out of proportion to the nature of the offense. *Id.* at 806. The Court noted:

> The distinction between dealing (§ 35-48-4-4.5) and distributing (§ 35-48-4-4.6) is less than precise. The structure of § 4.6 suggests it is geared to larger, commercial operations, prohibiting manufacturing, financing the manufacture, advertising, or *distributing* substances represented to be controlled substances.
>
> Unfortunately, the term "distribute" also appears in § 4.5's prohibition on dealing in such substances. For example, sub-section (a)(2) refers to substances which are "*distributed* under circumstances that would lead a reasonable person to believe that the substance is a controlled substance," (emphasis supplied), and sub-section (b)(4)(A) focuses on whether "the *distribution* included an exchange of . . . money," (emphasis supplied).
>
> Though cognizant of this ambiguity, we decline to find fault with the prosecution's decision to charge Conner under § 4.6.

*Id.* at 805 n.4.

[14] Unlike in *Conner*, Johnson informed C.I.2. that he had liquid morphine available for purchase. Further, while the Court noted that the distinction between dealing (Ind. Code § 35-48-4-4.5) and distributing (Ind. Code § 35-48-4-4.6) is "less than precise," it suggested a distinction existed and declined to find fault with the prosecution's decision to charge Conner under Ind. Code § 35-48-4-4.6. The record reveals that Johnson, who previously dealt marijuana to two separate confidential informants, poured liquid out of a bottle he alleged to contain morphine and sold it to C.I.2. We do not find a violation of Article 1, Section 16.

[15] With respect to Johnson's argument that his sentence is inappropriate, we note that Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[16] Ind. Code § 35-50-2-6 provides that a person who commits a level 5 felony shall be imprisoned for a fixed term of between one and six years with the advisory sentence being three years. Ind. Code § 35-50-2-7 provides that a person who commits a level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years with the advisory sentence being one year.

[17] Our review of the nature of the offense reveals that Johnson twice sold marijuana and sold what he asserted to be morphine. Our review of the character of the offender reveals that Johnson pled guilty to dealing in marijuana as a class A misdemeanor in 2017 and had other pending cases involving charges for disorderly conduct as a class B misdemeanor, battery resulting in bodily injury as a class A misdemeanor, battery as a class B misdemeanor, theft as a class A misdemeanor, and theft of a firearm as a level 6 felony. The presentence investigation report indicates that Johnson reported using marijuana and morphine on a daily basis and that he had never been in treatment. It also states that his overall risk assessment score using the Indiana risk assessment system places him in the moderate risk to reoffend category.

[18]     After due consideration, we conclude that Johnson has not sustained his burden of establishing that the concurrent sentences of one and one-half years for Counts II and III and four years with one year suspended for Count IV is inappropriate.  Additionally, the court's order states that it would consider a sentence modification if he successfully completes the clinically appropriate substance abuse treatment program as determined by the DOC and is free of conduct violations.  His sentence is not inappropriate in light of the nature of the offense and his character.

[19]     For the foregoing reasons, we affirm Johnson's convictions and sentence.

[20]     Affirmed.

Tavitas, J., concurs.

Altice, J., concurs in result without opinion.