**Joseph M. HENSON, Jr., Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 82S00–9710–CR–530.

Supreme Court of Indiana.

March 16, 1999.

Mark A. Foster, Jon Aarstad, Evansville, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General, Randi E. Froug, Deputy Attorney General, Indianapolis, Attorneys for Appellee.

ON DIRECT APPEAL

SULLIVAN, Justice.

Defendant Joseph M. Henson, Jr., and another man were convicted of kidnaping, murder, robbery and multiple additional offenses in connection with the abduction and murder of a woman and subsequent crime spree in the Evansville area. He contends that his sentence of 100 years was improperly imposed and that he should have been tried separately on various of the charges. Finding the sentence proper and no entitlement to severance, we affirm.

We have jurisdiction over this direct appeal because the longest single sentence exceeds fifty years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

*Background*

The events that gave rise to this case began in the early morning of July 26, 1996, when defendant and another man, Jason Wentz, abducted Donna Heseman in the parking lot at the Bristol–Myers facility in Evansville. After forcing her into her car, defendant held a shotgun as she drove. At some point shortly thereafter, defendant shot her to death, causing the car to crash through an entrance gate at the facility. Defendant exited Heseman's car and joined Wentz in another vehicle.

As they attempted to escape, defendant and Wentz rattled the basement doors of Cathryn Kuester's residence but were not able to obtain entry. They then stole Gregory Epley's automobile. Abandoning that vehicle, they then stole a truck from Stacey

Durham. Subsequently abandoning that truck as well, they broke into a residence owned by Orville Childers. When Childers arrived later, they obtained his truck keys. Defendant and Wentz were subsequently apprehended when they crashed Childers's truck into a sheriff's car. The shotgun with which Heseman had been killed was in the truck. Other physical evidence linking defendant with the murder was recovered from various of the vehicles and Childers's residence.

Defendant was charged with the intentional murder,[1] felony murder[2] and kidnaping[3] of Donna Heseman; attempted residential entry[4] with respect to the Cathryn Kuester incident; auto theft[5] with respect to the Gregory Epley incident; burglary[6] and auto theft with respect to the Stacey Durham incident; and residential entry[7] and robbery[8] with respect to the Orville Childers incident. He was found guilty on all counts except the burglary count. The State also sought a sentence of life without parole under Ind.Code § 35–50–2–9; the jury recommended against life without parole.

## I

The jury found defendant guilty of intentional or knowing murder, felony-murder and kidnaping (the kidnaping serving as the underlying felony supporting the felony-murder charge). Acknowledging that it could not enter judgment for both intentional murder and felony-murder with respect to the same killing, *see Gregory–Bey v. State*, 669 N.E.2d 154, 157 (Ind.1996), the trial court merged the two murder convictions. The court then imposed separate sentences for murder and for kidnaping.

Defendant argues that the trial court's approach was improper. Rather, defendant argues that the kidnaping conviction should

have been vacated and judgment of conviction entered for both intentional murder and felony-murder. Then, defendant maintains, concurrent sentences for the two murder offenses should have been imposed.

■ We conclude that the trial court acted properly. Defendant acknowledges the similarity of his claim to that considered in *Kennedy v. State*, 674 N.E.2d 966 (Ind.1996). *Kennedy* reiterated the following principles: a defendant may not be convicted and sentenced for both intentional murder and felony murder with respect to the same killing. Nor may a defendant be convicted and sentenced for both felony-murder and the underlying felony. But in appropriate circumstances, a defendant may be convicted and sentenced for both intentional murder and a felony which serves as the predicate for a felony-murder charge so long as the felony-murder conviction is vacated. The following cases also affirm these principles: *Gregory–Bey*, 669 N.E.2d 154; *Moore v. State*, 652 N.E.2d 53 (Ind.1995); *Bradley v. State*, 649 N.E.2d 100 (Ind.1995); *Harris v. State*, 644 N.E.2d 552 (Ind.1994); *Hicks v. State*, 544 N.E.2d 500 (Ind.1989). Although defendant here contends that the approach taken is these cases is incorrect (arguing instead, as noted *supra*, that convictions should be imposed for both intentional murder and felony-murder and vacated for the felony underlying the felony-murder charge), we see no basis for setting aside long-standing precedent in this regard.

## II

Defendant was sentenced to a total of 100 years—consecutive sentences of 60 years for intentional murder, 30 years for kidnaping, and 10 years for robbery.[9] Defendant lodges several arguments against the propriety of the sentence: that the trial court considered improper aggravating circumstances in im-

---

1. Ind.Code § 35–42–1–1(1) (1993).

2. Ind.Code § 35–42–1–1(2) (1993).

3. Ind.Code § 35–42–3–2 (1993).

4. Ind.Code §§ 35–41–5–1, 35–43–2–1.5 (1993).

5. Ind.Code § 35–43–4–2.5 (1993).

6. Ind.Code § 35–43–2–1 (1993).

7. Ind.Code § 35–43–2–1.5 (1993).

8. Ind.Code § 35–42–5–1 (1993).

9. Additional sentences imposed for the other convictions were ordered to be served concurrent to that for intentional murder.

posing a sentence more severe than the standard sentence; that the trial court did not give sufficient weight to mitigating circumstances; that the trial court improperly used the same aggravating circumstances both to enhance the standard sentences and to impose them consecutively; and that the sentence violates art. I, § 18, of the Indiana Constitution.

■ As a general matter, the legislature has prescribed standard sentences for each crime, allowing the sentencing court limited discretion to enhance each sentence to reflect aggravating circumstances or reduce the sentence to reflect mitigating circumstances. The legislature also permits sentences to be imposed consecutively if aggravating circumstances warrant. *Morgan v. State,* 675 N.E.2d 1067, 1073 (Ind.1996) (citing *Reaves v. State,* 586 N.E.2d 847 (Ind.1992)). *See* Ind.Code § 35–38–1–7.1(b) (Supp.1994) (a court may consider aggravating circumstances in determining whether to impose consecutive sentences). With respect to the convictions at issue here, the trial court enhanced the standard sentence for murder by five years [10] and imposed the standard sentences for kidnaping [11] and robbery.[12] As noted, these three sentences were ordered to be served consecutively.

■ When enhancing a sentence, a trial court must state its specific reasons for doing so. Accordingly, the sentencing statement must: (1) identify significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is aggravating or mitigating; and (3) evaluate and balance the mitigating against the aggravating circumstances to determine if the mitigating offset the aggravating circumstances. *Mitchem v. State,* 685 N.E.2d 671, 678 (Ind. 1997) (citing *Jones v. State,* 675 N.E.2d 1084, 1086 (Ind.1996)).

■ At the sentencing hearing, the trial court engaged in an oral recitation of its views of "the nature and circumstances of the offense, the character of the Defendant, and any aggravating and mitigating circumstances which may exist." While trial court sentencing discussions and orders which specifically enumerate aggravating and mitigating circumstances, detailing the basis for each, facilitate appellate review, the court's narrative here is sufficiently specific for us to conclude the following. First, the court considered it to be an aggravating circumstance that the crime was particularly violent—the victim was a defenseless victim of a random car jacking, left to die "in her own blood." Second, the court considered it to be an aggravating circumstance that the kidnaping and murder were followed by a crime spree involving one act of violence, the robbery, and other acts of invading personal property and other rights. Third, the court considered to be mitigating circumstances that the defendant had no prior criminal history, that he was under the age of 18, and that he showed remorse at sentencing. Fourth, the court believed that it would depreciate the seriousness of the crime to grant defendant's request for a reduced sentence because of his age and lack of criminal history. Fifth, the court found the aggravating circumstances to outweigh the mitigating circumstances such that a sentence in excess of the standard term was justified. The sentencing process employed by the trial court comported with applicable requirements.

We find the five-year enhancement of defendant's murder sentence well within the purview of the trial court's sentencing authority. And we also find the aggravating circumstances identified sufficient to justify the imposition of consecutive sentences. *See*

---

**10.** At the time these crime were committed, the standard sentence for murder was 55 years. This sentence could have been enhanced by not more than ten years for aggravating circumstances and reduced by not more than ten years for mitigating circumstances. Ind.Code § 35–50–2–3 (Supp.1996).

**11.** Kidnaping, a Class A felony in these circumstances, carried a standard sentence of 30 years, with not more than 20 years authorized to added

for aggravating circumstances and not more than ten years subtracted for mitigating circumstances. Ind.Code § 35–50–2–4 (Supp.1996).

**12.** Robbery, a Class B felony in these circumstances, carried a standard sentence of ten years, with not more than ten years authorized to be added for aggravating circumstances and not more than four years subtracted for mitigating circumstances. Ind.Code § 35–50–2–4 (1993).

*Taylor v. State,* 695 N.E.2d 117, 120 (Ind. 1998) (a court may consider the nature and circumstances of a crime to determine what sentence to impose); *Scheckel v. State,* 620 N.E.2d 681, 685 (Ind.1993) (the particular heinous nature and circumstances of the crime were considered as aggravating circumstances).

 Defendant's state constitutional claim is that the sentence imposed "was obviously based on vindictive justice rather than principles of reformation," violating art. I, § 18, of the Indiana Constitution which provides: "The penal code shall be founded on the principles of reformation, and not of vindictive justice." Defendant offers only the phrasing of the trial court's sentencing statement and the fact that the sentence itself "will almost certainly take up virtually all of his life" as support for his contention that the sentence "was obviously based on vindictive justice." We find nothing in the sentencing statement or the severity of the sentence that leads us to that conclusion. In any event, our precedents have held that art. 1, § 18, applies only to the penal code as a whole, not to individual sentences. *See, e.g., Lowery v. State,* 478 N.E.2d 1214, 1220 (Ind. 1985).

This is an admittedly lengthy sentence for a youthful offender with no prior criminal history. But at several stages during the crime spree involved, defendant and his confederate had an opportunity to stop and bring the mayhem they were causing to a halt. They did not. In these circumstances, imposing consecutive standard (or near-standard) terms for each of the three most egregious episodes in the crime spree was well within the trial court's sentencing discretion.

### III

Defendant contends that the trial court committed reversible error when it denied his motion to be tried separately on the murder charge, on the kidnaping charge, and on the robbery and other crime spree-related charges. Specifically, he maintains that under Ind.Code § 35–34–1–9(a) (1993), the State was not entitled to join in the same information the murder, the kidnaping charge, and the robbery and other crime spree-related charges. That statute provides:

Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses: (1) are of the same or similar character, even if not part of a single scheme or plan; or (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

We agree with defendant that the offenses at issue here are not of sufficiently "similar character" to permit joinder under clause (1). But they are clearly "based ... on a series of acts connected together," thereby permitting joinder under the first part of clause (2).

 That the murder and kidnaping charges are based on a series of acts connected together needs little discussion—the victim was killed while the kidnaping was in progress. As to connection of the robbery and other crime spree-related offenses to the murder and kidnaping, the case of *Brown v. State,* 650 N.E.2d 304 (Ind.1995), is instructive. In that case, the defendant broke into a man's home and fired a weapon at the homeowner. The defendant then broke into another home where he confronted the residents and forced them to drive him to another place as he attempted to avoid capture. Even though these events occurred over a two-day time period, we found them to be part of a connected series of acts, making joinder permissible. *Id.* at 306.

Here we find the murder and kidnaping and the robbery and other crime spree-related charges similarly connected. Indeed, all were part of an uninterrupted series of events. As such, defendant was only entitled to severance if appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering (1) the number of offenses charged; (2) the complexity of the evidence to be offered; and (3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense. Ind.Code § 35–34–1–11(a). *See Ben–Yisrayl v. State,* 690 N.E.2d 1141, 1145 (Ind.1997); *Barajas v. State,* 627 N.E.2d 437, 438 (Ind.1994); *Valen-*

*tin v. State*, 567 N.E.2d 792, 794–95 (Ind. 1991); *Pardo v. State*, 585 N.E.2d 692, 693 (Ind.Ct.App.1992). In this case, defendant argues the complexity of the evidence point, pointing to eight expert witnesses reserved by the State, one expert named by defendant, eight aerial photographs and a large number of slides and photographs. He also argues that trying the charges together allowed the jury to use evidence of one offense to infer that he committed another. We find nothing in defendant's showing of complexity or prejudice that overcomes the presumption of correctness in the trial court's ruling that severance was not appropriate to promote a fair determination of the defendant's guilt or innocence of each offense.

### Conclusion

We affirm the trial court.

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur.