Richard BROWN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0506–CR–321.

Court of Appeals of Indiana.

Nov. 13, 2006.

Joel M. Schumm, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

CRONE, Judge.

### Facts and Procedural Background

Richard Brown was found guilty of three counts of criminal confinement and three counts of identity deception. Before sentencing, Brown moved, *inter alia*, to vacate his identity deception convictions based on double jeopardy principles and to limit any sentence for identity deception to one year based on the principle of constitutional proportionality. The trial court granted Brown's double jeopardy claim but denied his proportionality claim. The trial court then entered judgment of conviction only on the three counts of criminal confinement and sentenced Brown to an aggregate eight-year sentence, with five years executed and three years suspended or on probation. Brown appealed.

On June 7, 2006, we issued our opinion in this case in which we held, *inter alia*, that (1) the criminal confinement statute, Indiana Code Section 35–42–3–3, was unconstitutionally vague as applied to Brown; (2) the identity deception statute, Indiana Code Section 35–43–5–3.5, was not unconstitutionally vague as applied to him; and (3) the evidence was sufficient to support the guilty verdicts for identity deception. *Brown v. State*, 848 N.E.2d 699 (Ind.Ct. App.2006). We reversed his convictions for criminal confinement and remanded for judgment of conviction to be entered for the identity deception verdicts and for resentencing. Because Brown had not been sentenced for identity deception, we did not review his claim that the sentence for identity deception was constitutionally disproportionate as compared with the sentence for impersonation of a public servant, Indiana Code Section 35–44–2–3.

Brown petitions for rehearing solely on our decision not to address his constitutional proportionality claim, arguing that it has been fully raised before the trial court as well as this Court and that addressing it would serve the interests of judicial economy. We agree and now grant rehearing in this case for the limited purpose of responding to Brown's argument that the penalty for identity deception is unconstitutionally disproportionate as compared with the penalty for impersonation of a public servant. We affirm our previous opinion in all other respects.

### Discussion

Brown contends that the nine-year sentence he could receive for his convictions for identity deception violates the Indiana Constitution proportionality clause and asks us to remand with instructions to limit the sentence for each identity deception count to one year. Article 1, Section 16 provides, "All penalties shall be proportioned to the nature of the offense." "Whether a statute is constitutional on its face is a question of law, and we review such questions de novo." *State v. Moss–Dwyer*, 686 N.E.2d 109, 110 (Ind.1997). We have repeatedly observed that the legislature has the primary responsibility for determining the appropriate penalties for crimes committed in this state. *See, e.g., id.* at 111. Our review of legislative prescriptions of punishment is highly restrained and very deferential. *Id.* "When considering the constitutionality of a statute, we begin with the presumption of constitutional validity, and therefore the party challenging the statute labors under a heavy burden to show that the statute is

unconstitutional." *Person v. State*, 661 N.E.2d 587, 592 (Ind.Ct.App.1996), *trans. denied.* We are not at liberty to set aside a legislatively sanctioned penalty merely because it seems too severe. *Moss–Dwyer*, 686 N.E.2d at 112. A criminal penalty violates the proportionality clause " 'only when a criminal penalty is not graduated and proportioned to the nature of the offense.' " *Conner v. State*, 626 N.E.2d 803, 806 (Ind.1993) (quoting *Hollars v. State*, 259 Ind. 229, 236, 286 N.E.2d 166, 170 (1972)). Stated more precisely, a sentence violates the proportionality clause where it is so severe and entirely out of proportion to the gravity of offense committed as " 'to shock public sentiment and violate the judgment of a reasonable people.' " *Pritscher v. State*, 675 N.E.2d 727, 731 (Ind.Ct.App.1996) (quoting *Cox v. State*, 203 Ind. 544, 549, 181 N.E. 469, 472 (1932)).

■ Brown was found guilty of identity deception, which is defined as follows:

(a) Except as provided in subsection (b), a person who knowingly or intentionally obtains, possesses, transfers, or uses the identifying information of another person:

(1) without the other person's consent; and

(2) with intent to:

(A) harm or defraud another person;

. . . or

(C) profess to be another person; commits identity deception, a Class D felony.

. . . .

(c) It is not a defense in a prosecution under subsection (a) that no person was harmed or defrauded.

Ind.Code § 35–43–5–3.5. At the time Brown committed these offenses, the penalty for a class D felony was a presumptive sentence of one and one-half years, with a minimum sentence of six months and a maximum sentence of three years. Ind. Code § 35–50–2–7 (2003).[1] Pretending to be a public servant is defined as follows:

A person who falsely represents that the person is a public servant, with intent to mislead and induce another person to submit to false official authority or otherwise to act to the other person's detriment in reliance on the false representation, commits impersonation of a public servant, a Class A misdemeanor. However, a person who falsely represents that the person is:

(1) a law enforcement officer; or

(2) an agent or employee of the department of state revenue, and collects any property from another person; commits a Class D felony.

Ind.Code § 35–44–2–3 (2003). A class A misdemeanor is punishable by a maximum of one year. Ind.Code § 35–50–3–2. Specifically, Brown asserts that punishing someone for pretending to be an employee, real or fake, of a radio station three times more severely than he could be punished for pretending to be a public servant is out of proportion to the nature of the offense. In support, Brown cites *Conner v. State*, 626 N.E.2d 803.

In *Conner*, the defendant was convicted of dealing fake marijuana, a class C felony, and sentenced to the maximum prison term of six years. Ind.Code Ann. § 35–48–4–4.6 (West Supp.1993). Conner appealed, asserting that his sentence was unconstitutionally disproportionate where the maximum sentence for selling real marijuana was three years, less than half

---

**1.** In response to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), our legislature amended Indiana's sentencing scheme effective April 25, 2005, changing the fixed presumptive terms to advisory sentences.

the sentence Conner received. Our supreme agreed. In reviewing Conner's claim, our supreme court noted that the statutes governing both dealing in as well as the manufacture and distribution of a non-controlled substance represented to be a controlled substance treated all fake drugs the same. Ind.Code Ann. §§ 35–48–4–4.5, 35–48–4–4.6 (West Supp.1993). In contrast, although marijuana was classified as a schedule I drug, the legislature had specifically exempted marijuana from the statutory scheme covering schedule I drugs. For example, the penalty for dealing in 30 grams or less of marijuana was only a misdemeanor, whereas the penalty for all other controlled substances was a felony of one class or another. Thus, for all controlled substances except marijuana, the penalty for dealing in the real drug was greater than that for dealing in the fake substance. Our supreme court then held, "in light of the lesser penalties which attach to marijuana offenses, relative to other controlled substances, we conclude that the application of § 35–48–4–4.6 to Conner violates the constitutional requirement that all penalties be in proportion to the nature of the offense." 626 N.E.2d at 806.[2]

We fail to see any similarities between the statutes at issue in *Conner* and those on review here. In *Conner*, the statutes for dealing in fake marijuana and for dealing in real marijuana were identical except for the type of substance. That is not the case here. Identity deception requires that a person "knowingly or intentionally obtains, possess, transfers, or uses the identifying information of another person." Ind.Code § 35–43–5–3.5. Impersonating a public servant has no such requirement. In addition, the penalty for dealing in fake marijuana at issue in *Conner* was completely inconsistent with the penalties prescribed by the legislature for crimes involving marijuana as compared with other controlled substances. Here, impersonating a public servant may result in exactly the same penalty as identity deception. Indiana Code Section 35–44–2–3 provides that where a person impersonates a law enforcement officer or impersonates an agent or employee of the department of state revenue and collects any property from another person, impersonating a public servant is a class D felony.

Nonetheless, Brown argues that even though identity deception may produce serious consequences for the victim, his pretense of being a fake person who worked for a radio station had no serious consequences, and thus the identity deception penalty is disproportionate as applied

2. Where the constitutional proportionality of a statute has been considered on appeal, Indiana courts have often held that the statute at issue did not violate the Indiana Constitution proportionality clause. *See, e.g., Moss–Dwyer,* 686 N.E.2d 109 (handgun application statute did not violate proportionality requirement of Indiana Constitution); *Cole v. State,* 790 N.E.2d 1049 (Ind.Ct.App.2003) (penalty for knowing failure to deposit public funds did not violate state constitution's requirement that penalty be proportioned to nature of crime), *trans. denied; Laughner v. State,* 769 N.E.2d 1147 (Ind.Ct.App.2002) (attempted solicitation of a child on internet, a class C felony, did not violate proportionality clause of state constitution, despite fact that punishment was more severe than face-to-face solicitation of an actual child, a class D felony); *Jones v. State,* 766 N.E.2d 1258 (Ind.Ct.App. 2002) (statutes permitting a promoter of prostitution to be punished by a sentence up to eight years longer than a person convicted of a first offense of prostitution did not violate proportionality requirement of state constitution), *reh'g denied; Teer v. State,* 738 N.E.2d 283 (Ind.Ct.App.2000) (sentencing range for possession of a firearm by a serious violent felon of six to twenty years was not unconstitutionally disproportionate), *trans. denied* (2001); *Balls v. State,* 725 N.E.2d 450 (Ind.Ct. App.2000) (welfare fraud statute did not provide for disproportionate sentence in comparison with general theft statute), *reh'g denied.*

to his case. We disagree. The legislature has stated that the fact that no person was harmed or defrauded is not a defense in a prosecution for identity deception under Indiana Code Section 35–43–5–3.5(a). *Id.* Apparently, the legislature believed it was appropriate to classify identity deception as a class D felony regardless of whether serious consequences resulted from the commission of the crime. We may not set aside the legislature's prescribed penalty merely because it seems too severe. *See Moss–Dwyer*, 686 N.E.2d at 112. We conclude that the penalty for identity deception is not so severe or entirely out of proportion so as to shock public sentiment and violate the judgment of a reasonable people. *See Pritscher*, 675 N.E.2d at 731. Thus, the penalty for identity deception is not unconstitutionally disproportionate as compared with the penalty for impersonation of a public servant.

Accordingly, we grant rehearing, affirm the trial court's denial of Brown's proportionality claim, and affirm our previous opinion in all other respects.

FRIEDLANDER, and MAY, JJ., concur.