## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Aug 10 2015, 8:31 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*

Keith Bullock, Jr.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Gregory F. Zoeller
Attorney General of Indiana

Kristin Garn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Keith Bullock, Jr.,

*Appellant-Petitioner,*

v.

State of Indiana and Indiana Bureau of Motor Vehicles,

*Appellees-Respondents.*

August 10, 2015

Court of Appeals Case No. 49A02-1411-MI-833

Appeal from the Marion Circuit Court
The Honorable Louis F. Rosenberg, Judge
The Honorable Mark A. Jones, Master Commissioner

Trial Court Cause No. 49C01-1401-MI-1522

**Bradford, Judge.**

# Case Summary

[1] In 2003, Appellee-Respondent the Indiana Bureau of Motor Vehicles ("BMV") determined Appellant-Petitioner Keith Bullock, Jr., to be a habitual traffic violator ("HTV") and suspended his driver's license for five years. In 2004, Bullock was convicted of operating a vehicle after being designated an HTV, and his driver's license was accordingly suspended for life. Also in 2004, due to an apparently erroneous court record, a conviction for operating a vehicle while intoxicated ("OWI") within five years of a prior OWI conviction was entered on Bullock's BMV driver record. In 2007, Bullock was convicted of operating a vehicle after his license was forfeited for life. In 2014, Bullock petitioned to have his driving privileges restored, which petition the trial court denied. Bullock contends that (1) the trial court erred in denying his petition to reinstate driving privileges, (2) the suspension notice for the erroneous OWI conviction showed a five-year suspension while the erroneous abstract of judgment showed a lifetime suspension, and (3) he was otherwise prejudiced by the erroneous OWI conviction. We affirm.

## Facts and Procedural History

[2] At some point in 2003, BMV designated Bullock an HTV by virtue of accumulating more than ten qualifying traffic violations in a ten-year period. As a result, BMV suspended Bullock's driver's license for five years, until September 3, 2008. On March 18, 2004, Bullock was found guilty of operating after having been designated an HTV, a Class D felony, which resulted in Bullock's license being suspended for life pursuant to Indiana Code section 9-

30-10-16.  Bullock's BMV driver record, as of October 23, 2013, reflects that Bullock was also convicted of OWI within five years of a prior OWI on March 18, 2004, in cause number 49F15-0309-FD-167876 ("Cause No. 167876").  In February of 2007, Bullock was found guilty of Class C felony operating a vehicle after his license was forfeited for life.

[3] On January 22, 2014, Bullock filed a *pro se* petition to restore his driving privileges, alleging, *inter alia*, that he had never been convicted of OWI within five years of a prior OWI in Cause No. 167876.  On July 24, 2014, the trial court that the abstract of judgment in Cause No. 167876 be amended to reflect that Bullock had not been convicted of OWI within five years of a prior OWI. On November 10, 2014, the trial court ordered that the erroneous OWI within five years of a prior OWI conviction be removed from Bullock's BMV driver record but denied Bullock's petition for reinstatement of driving privileges.

## Discussion and Decision

## I.  Whether the Trial Court Erred in Denying Bullock's Petition to Reinstate his Driving Privileges

[4] Bullock contends that the trial court erroneously denied his petition to reinstate his driving privileges.  Appellees contend that Bullock does not fit criteria for reinstatement as a matter of law.

> Generally, Indiana Code section 9-30-10-14 provides means by which a person whose driving privileges have been suspended for life may petition a trial court in a civil action for rescission of the suspension order and reinstatement of the person's driving

privileges, provided that certain conditions have been met. One of these conditions is that the person "has never been convicted of an offense under section 17 of this chapter." I.C. § 9-30-10-14(a)(3). Similarly, Indiana Code section 9-30-10-15 provides that, before a trial court may order rescission of a lifetime suspension order and reinstate a person's driving privileges, the court must find by clear and convincing evidence several conditions, and again one of these conditions is "[t]hat the petitioner has never been convicted of an offense under section 17 of this chapter." I.C. § 9-30-10-15(b)(2). Section 17 of chapter 9-30-10 defines the crime of operating a motor vehicle while privileges are forfeited for life[.]

*Hazelwood v. State*, 3 N.E.3d 39, 41 (Ind. Ct. App. 2014).

[5]     As Bullock acknowledged in his petition to reinstate driving privileges, he has a 2007 conviction pursuant to Indiana Code section 9-30-10-17 for operating a vehicle after his license was forfeited for life. Bullock's undisputed conviction pursuant to Indiana Code section 9-30-10-17 makes him ineligible for reinstatement pursuant to sections 14 and 15. Bullock's argument seems to be that his conviction under section 17 "was dismissed from his driving record" after serving three years of probation, Appellee's App. p. 4, but the relevant statutes make no exception for such circumstances. Bullock, as he admits, has been convicted under section 17, which means that he is ineligible for reinstatement of his driving privileges. The trial court did not err in denying Bullock's petition.

## II.  Notice-Based Argument

[6]     Bullock seems to argue that he had not been given sufficient notice that he was subject to lifetime suspension of driving privileges when was convicted of

operating a vehicle while privileges are forfeited for life in 2007, the conviction that now bars his reinstatement. As the State notes, however, Bullock did not raise this argument in the trial court and so may not now raise it for this first time in this court. "A party who raises an issue on appeal that was not raised in the trial court waives that issue." *Frances Slocum Bank & Trust Co. v. Estate of Martin*, 666 N.E.2d 411, 413 (Ind. Ct. App. 1996), *trans. denied*.

## III.  Erroneous OWI Conviction

[7]     Bullock maintains that he was prejudiced by the erroneous OWI conviction that appeared on his BMV driver record, arguing that it was used to support the imposition of the lifetime suspension that he can cannot now petition to overturn. Even if the erroneous OWI conviction was used in this fashion, however, Bullock's argument fails to take into account the fact that his lifetime suspension was also based on, and fully supportable by, his 2004 conviction for operating a vehicle after being designated an HTV. Bullock's BMV driver record's suspension information for that conviction lists the effective date of Bullock's associated suspension as "3/18/2004" and the length as "**Indefinite**[.]" Appellee's App. p. 150 (emphasis in original). As such, the entry of an erroneous OWI conviction, and its associated appearance on Bullock's BMV driver record, can only be considered harmless error. "An error is deemed harmless if it has not prejudiced the substantial rights of the [party]." *Boyd v. State*, 650 N.E.2d 745, 748 (Ind. Ct. App. 1995). *trans. denied*.

We conclude that the trial court properly denied Bullock's petition to reinstate driving privileges. We further conclude that Bullock waived any notice-based argument by failing to raise it in the trial court. Finally, any error that might have been caused at any point by Bullock's erroneous OWI conviction can only be considered harmless.

The judgment of the trial court is affirmed.

May, J., and Crone, J., concur.