FILED

Jan 23 2019, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Thomas B. O'Farrell
McClure / O'Farrell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason Arthur Keene, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | January 23, 2019 <br><br> Court of Appeals Case No. <br> 18A-XP-228 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Lisa F. Borges, Judge <br><br> Trial Court Cause No. <br> 49G04-1705-XP-17472 |

**Baker, Judge.**

Jason Keene appeals the denial of his petition to expunge a 2009 felony conviction. He argues that his due process rights were violated when the trial court admitted into evidence a written statement from the victim of the crime. Finding no error, we affirm.

## Facts

On April 28, 2009, Keene pleaded guilty to Class C felony stalking in exchange for the dismissal of eight other charges. His then-wife, Ginger Keene, was the stalking victim.

On May 2, 2017, Keene filed a petition to expunge the stalking conviction. The State objected to expungement. At the January 8, 2018, hearing on his petition, Keene diminished his responsibility for the crime, maintained that he had merely caused Ginger emotional pain, and stated that "I did not stalk her," claiming that she had created text messages to support the stalking charge. Tr. Vol. II p. 15. Keene called his employer and a clergy person as witnesses; Keene had told both individuals that his wife had "set[] him up" and that he only pleaded guilty because his attorney had advised him to. *Id.* at 34.

After Keene presented his case, the State, pursuant to the expungement statute, moved to admit a letter from Ginger into evidence. Keene objected; the State responded that the expungement statute explicitly permitted the victim to submit a letter. The trial court overruled the objection, admitted the letter, and ultimately denied Keene's expungement petition. The trial court explained that it was denying the petition "because of the serious nature of the offense

committed by [Keene], the objection of the State of Indiana to the granting of an expungement, and the continuing trauma the victim has experienced as a result of the crime." Appealed Order p. 2. Keene now appeals.

## Discussion and Decision

Keene's sole argument on appeal is that the admission of Ginger's written statement violated his due process rights because he did not have the opportunity to cross-examine her.

Indiana Code section 35-38-9-9(d) explicitly provides that "[a] victim of the offense for which expungement is sought may submit an oral *or written* statement in support of or in opposition to the petition at the time of the hearing." (Emphasis added.) As the statute contemplates the submission of a written statement with no accompanying requirement that the victim be present for cross-examination, the trial court's decision in this case comported with the plain language of the statute. Thus, what Keene must show, to be entitled to relief here, is that the statute is unconstitutional.

Every statute is presumed to comport with the state and federal constitutions unless clearly overcome by a contrary showing. *Hazelwood v. State*, 3 N.E.3d 39, 41 (Ind. Ct. App. 2014). The party challenging the constitutionality of the statute bears the burden of proof, and all doubts are resolved against that party. *Id.* at 42.

The right to confront witnesses is enshrined in both the United States and Indiana Constitutions. U.S. Const. amend. VI; Ind. Const. Art. I, Sec. 13(a).

In both documents, however, that right is granted only in the context of criminal prosecutions. It has been found to extend to certain civil settings, including probation revocation hearings. *E.g.*, *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999).

[9] While expungement proceedings are related to criminal proceedings, we can only conclude that expungement proceedings are civil in nature. The person seeking expungement is the petitioner, who bears the burden of proof; the State is the respondent. I.C. § 35-38-9-4. By filing an expungement petition, the petitioner does not risk a fine, extended or additional sentence, or new conviction—neither his liberty nor his bank account is at stake. Instead, the petition is merely granted or denied. Under these circumstances, we cannot agree with Keene's assertion that an expungement proceeding is either criminal or quasi criminal in nature. *Compare Black's Law Dictionary* 238 (7th ed. 1999) (defining "civil" as "[o]f or relating to private rights and remedies that are sought by action or suit, as distinct from criminal proceedings") *with id.* at 1221 (defining "criminal proceeding" as a "proceeding instituted to determine a person's guilt or innocence or to set a convicted person's punishment").

[10] That said, we find this Court's discussion about victim impact statements in the context of criminal sentencing to be enlightening and helpful. *Cloum v. State*, 779 N.E.2d 84, 92-93 (Ind. Ct. App. 2002). The *Cloum* Court noted that victim impact statements are an integral part of the sentencing process and found that the purpose of those statements "is to guarantee that the interests of the victim

of a crime are fully and effectively represented at the sentencing hearing." *Id.* at 93. Moreover,

> the statement allows for a degree of catharsis by the victim or the victim's representative, permitting him or her to express their recommendation as to a sentence, the impact a crime had, and their feelings toward the defendant, all in a judicial setting. As such, we would not want to require victims or victim representatives to have to make their statement under oath with the ever-present threat of a perjury charge limiting their ability to speak freely; nor would it be wise, in our view, to subject a victim or victim's representative to defense cross-examination regarding comments made in a victim impact statement as a general rule. Nonetheless, when a victim impact statement strays from the effect that a crime had upon the victim and others and begins delving into substantive, unsworn, and otherwise unsupported allegations of other misconduct or poor character on the part of the defendant, caution should be used in assessing the weight to be given to such allegations, especially where the defendant is not provided an opportunity to respond directly to them.[1]

*Id.* In other words, even in the context of a criminal sentencing hearing—where the defendant's liberty is at stake—the defendant does not have the right to cross-examine a victim who has provided a victim impact statement.

[11] Expungement proceedings are a far cry from criminal sentencing proceedings. Expungement is a right granted only because the legislature sought fit to create it. It is not enshrined in the constitution. Its parameters are set entirely by the

---

[1] In this case, Ginger's victim statement was limited to a brief description of some of Keene's criminal actions and the lingering trauma she has suffered as a result. Tr. Vol. II p. 52-53.

General Assembly, which has sought fit to condition the right to expungement on the ability of the victim to provide a statement.

[12] We are confident that the purpose of victim statements in expungement proceedings is the same as that in criminal proceedings—to guarantee that the victim's interests are fully and effectively represented as the trial court makes its expungement decision. And as in criminal proceedings, we would not want to require victims to have to make their statements under oath or to subject a victim to defense cross-examination.

[13] We agree with Keene that an individual has a significant interest in seeking expungement and that the stigma that is associated with a criminal conviction is undeniable. But that interest does not even approach the interest of a criminal defendant whose liberty is at stake. Criminal defendants do not have the right to cross-examine victims regarding the content of victim impact statements. We likewise find that expungement petitioners do not have the right to cross-examine victims who provide victim statements as authorized by statute. Therefore, the fact that a cross-examination requirement was not written into the statute does not render it unconstitutional on its face, nor does the fact that Keene was not permitted to cross-examine the victim in this case render the statute unconstitutional as applied.

[14] The trial court here had discretion in ruling on Keene's petition. It considered the seriousness of Keene's crime, the State's objection, and the long-lasting traumatic effects experienced by Ginger in denying the petition. The trial court

could have also considered Keene's attempts to diminish his own behavior, to repudiate his guilty plea, and to blame Ginger for his own criminal actions. Under these circumstances, we find that the trial court did not err by denying Keene's petition.[2]

[15] The judgment of the trial court is affirmed.

May, J., and Tavitas, J., concur.

---

[2] Keene has the right to re-petition for expungement in three years. I.C. § 35-38-9-9(j).