

**FILED**
Feb 19 2020, 9:16 am
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jacob M. Breda,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 19, 2020

Court of Appeals Case No.
19A-CR-2023

Appeal from the Vigo Superior
Court

The Honorable Sarah K. Mullican,
Judge

Trial Court Cause No.
84D03-1701-F2-192

**Mathias, Judge.**

[1]     Jacob M. Breda ("Breda") appeals the order of the Vigo Superior Court revoking his placement in a community corrections work release program and requiring him to serve the balance of his suspended sentence in the custody of the Department of Correction ("DOC"). Breda claims that Indiana Code section 35-38-2.6-5, which sets forth the options available when a defendant

violates the terms of a community corrections program, violates the constitutional doctrine of the separation of powers. We conclude that Breda has waived this argument by failing to present it to the trial court. Waiver notwithstanding, this court has already determined that section 35-38-2.6-5 does not violate the separation of powers. We therefore affirm.

## Facts and Procedural History

[2] On January 19, 2017, the State charged Breda with Level 2 felony burglary, Level 5 felony battery by means of a deadly weapon, Level 5 felony intimidation, and Level 5 felony criminal recklessness. On October 23, 2017, Breda signed a plea agreement whereby he agreed to plead guilty to Level 2 felony burglary, and the State agreed to dismiss the remaining charges and recommend an executed sentence of fifteen years. Breda also agreed to cooperate in the prosecution of his co-defendant. The plea agreement further provided that, if Breda successfully completed a purposeful incarceration program while in prison, he could petition the court to modify his sentence so that he could serve the balance of his executed sentence on work release or home detention through community corrections.

[3] On December 4, 2018, Breda filed a motion to modify his sentence to placement in community corrections, stating that he had completed a program that was the equivalent of a purposeful incarceration program. On February 25, 2019, the trial court, by agreement of the parties, modified Breda's sentence so that he was "placed in the Work Release Program as a Direct Commitment for the balance of the executed portion of the sentence." Appellant's App. p. 107.

On April 2, 2019, Breda was given a pass to look for employment, but he never returned to the work release facility as scheduled. He was also in arrears in the amount of $195 in work release fees. Accordingly, on April 5, 2019, the State filed a petition to revoke Breda's direct placement in the work release program. The trial court issued a warrant for Breda's arrest, and he was apprehended on April 11, 2019.

[4]     On June 27, 2019, Breda signed a "Notice of Direct Commitment Violation and Admission Offer and Acceptance," in which he admitted that he had failed to return to the work release facility in violation of the rules. *Id*. at 121. Pursuant to this agreement, the parties agreed that Breda's direct commitment would be revoked and that he would execute the balance of his sentence in the DOC. The agreement also provided that Breda could again seek modification of his sentence on or after January 1, 2023, if he completed stages one through five of the DOC's "Recovery While Incarcerated" drug treatment program. *Id*. However, at a hearing held later that day, Breda admitted that he had signed this agreement but stated that he did not wish to admit to the violations. The trial court therefore set the revocation petition for an evidentiary hearing.

[5]     The trial court held an evidentiary hearing on the revocation petition on August 1, 2019. At this hearing, the State presented evidence that Breda had left the work release facility on April 2, 2019, and never returned. Breda testified that he failed to return to the facility because he was using drugs. He also admitted that his failure to return and use of drugs were violations of the terms of his

placement. At the conclusion of the hearing, the trial court stated from the bench:

> Well, in this case the Court accepted the Plea Agreement back in Two Thousand Seventeen (2017), which is fifteen (15) years executed and you were sent to the [DOC] and I, I know you cooperated, you testified twice. The Court had the benefit of being present for both trials and hearing all the facts, and this case was very serious. There were two (2) people who were shot um, and never recovered. Um, and then the State agreed to modify, which I didn't quite understand and wasn't particularly in favor of, but I deferred to them um, to give you time on work release and that clearly did not work out Mr. Breda. And I know from the trial that you suffered – you're addicted, and that was quite clear from the testimony presented. So I don't think the Court has any um, choice but to execute the fifteen (15) years, because that was the Plea Agreement I accepted um, and he's violated that. So I'm gonna revoke the [placement].

Tr. p 23. The trial court then entered an order requiring Breda to serve the balance of his sentence in the DOC, with credit for 1,538 days served. Breda now appeals.

## I. Waiver

[6] The State argues that Breda failed to preserve his claim regarding the constitutionality of the statute by not presenting this argument to the trial court. Generally, "failure to challenge the constitutionality of a statute at trial results in waiver of review on appeal." *Plank v. Cmty. Hosps. of Indiana, Inc.*, 981 N.E.2d 49, 53 (Ind. 2013). Indeed, "[a]ppellate review presupposes that a litigant's arguments have been raised and considered in the trial court." *Id.* Here, Breda

did not challenge the constitutionality of the statute before the trial court. His constitutional challenge is therefore waived. *See id.*

[7] Nevertheless, Indiana appellate courts have long exercised the discretion to address the merits of a constitutional claim notwithstanding wavier. *Id.* "[A]ppellate courts are not prohibited from considering the constitutionality of a statute even though the issue otherwise has been waived. And indeed a reviewing court may exercise its discretion to review a constitutional claim on its own accord." *Id.* at 53–54. We therefore opt to address Breda's constitutional claim on its merits.

## II. Constitutional Challenge

[8] Breda claims that Indiana Code section 35-38-2.6-5 violates the separation of powers provisions of the Indiana Constitution.

> Article 3, section 1 of the Indiana Constitution divides the powers of the government into three departments: "the Legislative, the Executive including the Administrative, and the Judicial." It further provides [that] none of the branches "shall exercise any of the functions of another, except as in this Constitution expressly provided."

*Morgan v. State*, 87 N.E.3d 506, 509 (Ind. Ct. App. 2017), *trans. denied*.

[9] Statutes are presumed to be constitutional, and the party challenging the constitutionality of a statute bears the burden of proving otherwise. *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012). All reasonable doubts and constructions as to the statute's validity are resolved in favor of constitutionality. *Id.* Accordingly,

"'[i]f there are two reasonable interpretations of a statute, one of which is constitutional and the other not, we will choose that path which permits upholding the statute because we will not presume that the legislature violated the constitution unless such is required by the unambiguous language of the statute.'" *Hazelwood v. State*, 3 N.E.3d 39, 42 (Ind. Ct. App. 2014) (quoting *Boehm v. Town of St. John*, 675 N.E.2d 318, 321 (Ind. 1996)).

[10] A trial court may, at the time of sentencing, "suspend the sentence and order a person to be placed in a community corrections program as an alternative to commitment to the department of correction." Ind. Code § 35-38-2.6-3(a). "The court may impose reasonable terms on the placement or require the director of the community corrections program to impose reasonable terms on the placement." *Id.*

[11] What happens when a defendant who is placed in a community corrections program violates the terms of this placement is controlled by Indiana Code section 35-38-2.6-5, which, as amended in 2015, provides:

> If a person who is placed under this chapter violates the terms of the placement, **the community corrections director** may do any of the following:
>
> (1) Change the terms of the placement.
>
> (2) Continue the placement.
>
> (3) Reassign a person assigned to a specific community corrections program to a different community corrections program.

> **(4) Request that the court revoke the placement and commit the person to the county jail or department of correction for the remainder of the person's sentence.**
>
> The community corrections director shall notify the court if the director changes the terms of the placement, continues the placement, or reassigns the person to a different program.

I.C. § 35-38-2.6-5 (2015) (emphases added).

[12] Prior to the 2015 amendment of this statute, it provided:

> If a person who is placed under this chapter violates the terms of the placement, **the court** may, after a hearing, do any of the following:
>
> (1) Change the terms of the placement.
>
> (2) Continue the placement.
>
> (3) Revoke the placement and commit the person to the department of correction for the remainder of the person's sentence.

Ind. Code § 35-38-2.6-5 (1991) (emphasis added).

[13] Thus, prior to the 2015 amendment, when a defendant violated the terms of his or her direct placement in a community corrections program, the trial court had authority to change the terms of the placement, continue the placement, or revoke the placement. However, under the current version of the statute, if a defendant violates the terms of his or her placement, the community corrections director has the authority to change the terms of the placement, continue the

placement, reassign the defendant to a different community corrections program, or request that the trial court revoke the placement.

[14] Breda claims that this change in the statute "interferes with the discharge of the [trial] court's duties because it eliminates any discretion the court had in determining the appropriate sanction" and that the statute is therefore facially unconstitutional. Appellant's Br. at 9. Breda also argues that, even if the statute is facially constitutional, it is unconstitutional as applied to him because the trial court here indicated that it had no choice but to revoke his placement and order him to serve the remainder of his sentence in the DOC. Tr. p. 23. He argues that, if the trial court had the discretion it had under the prior statute, it might have ordered him to serve only a portion of his remaining sentence in the DOC.

[15] We addressed a similar argument in *Morgan, supra*. In that case, the defendant was eventually ordered to serve two years of his sentence on work release under the supervision of the county community corrections department. 87 N.E.3d at 508. Morgan subsequently violated several of the terms of his placement in community corrections, including escaping the facility. *Id.* The State filed a petition to revoke Morgan's placement, and at the revocation hearing, Morgan admitted to some of the allegations and provided excuses for the others. *Id.* The trial court revoked Morgan's placement and ordered him to serve the balance of his sentence in the DOC. *Id.*

On appeal, Morgan claimed that Indiana Code section 35-38-2.6-5, as amended in 2015, was unconstitutional because it "impermissibly delegates judicial authority to a member of the executive branch, i.e., the community corrections director[.]"[1] *Id.* The *Morgan* court rejected this argument, concluding:

> **The statute in question here does not act as a coercive influence on the judiciary's ability to discharge its duties. . . .** With the statute at issue, the community corrections director is given the ability to manage the community corrections program but not to revoke placement or resentence participants. **Although the community corrections director can recommend revocation of placement, it remains the trial court's duty to determine whether revocation will be ordered**. *See Madden v. State*, 25 N.E.3d 791, 795 (Ind. Ct. App. 2015) (trial courts set the terms of community corrections but the program has authority to supervise those terms), *trans. denied*. The community corrections director did not increase the trial court's overall sentence of twenty years, nor did the director alter the two years Morgan was sentenced to serve on work release. . . . After hearing evidence, the trial court determined revocation was proper and ordered Morgan to serve the remaining portion of his suspended sentence in the DOC. Morgan has not demonstrated an improper delegation of the judiciary's duty to sentence convicted persons.

*Morgan*, 87 N.E.3d at 509–10 (emphasis added) (footnote omitted).

---

[1] Morgan also claimed that the statute was unconstitutional because it permitted revocation of placement in community corrections without an evidentiary hearing before a neutral magistrate. *Id.* Breda makes no similar argument.

Breda fails to cite *Morgan*, much less attempt to distinguish *Morgan* from the present case.[2] We therefore conclude, as we previously held in *Morgan*, that the current version of Indiana Code section 35-38-2.6-5 is not unconstitutional. The trial court still maintains the authority to sentence a defendant, including placement in a community corrections program. Once a defendant is in a community corrections program, the community corrections director can change the terms of the placement and reassign a defendant to a specific program, but only the trial court may, at the request of the director, revoke a defendant's placement and order the defendant to execute the remaining portion of the defendant's sentence. Thus, the statute does not constitute a violation of the separation of powers, either facially or as applied to Breda.

## Conclusion

Because Indiana Code section 35-38-2.6-5 does not violate the constitutional separation of powers, we affirm the judgment of the trial court.

Affirmed.

Kirsch, J., and Bailey, J., concur.

---

[2] We note that Breda's appellate counsel is the same as the appellant's counsel in *Morgan*.